# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

UMDNJ – UNIVERSITY HOSPITAL     :
150 Bergen Street     :
Newark, New Jersey 07103     :    Case No.
    :
         Plaintiff,     :
    :
         v.     :
    :
MICHAEL O. LEAVITT, Secretary of the     :
United States Department of Health and     :
Human Services     :
200 Independence Avenue, S.W.     :
Washington, D.C. 20201     :
    :
         Defendant.     :

The above-named Plaintiff (the "Hospital"), by and through its undersigned counsel, states the following for its Complaint against Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (the "Secretary"):

## I.     INTRODUCTION

1.    The instant action involves an issue as to whether or not the decision by the Provider Reimbursement Review Board (the "PRRB") to decline jurisdiction in a particular Medicare matter was incorrect. The underlying issue relates to the Hospital's Medicare reimbursement for fiscal years 1999, 2000, 2001, 2002 and 2003.

2.    The Hospital challenges the May 2, 2006 decision by the PRRB, wherein the PRRB held that it does not have jurisdiction over the issue of whether Medicare should reimburse the Hospital for costs related to the School of Nursing, School of Health Professions, and School of Biomedical Sciences (the "Clinical Medical Education Programs Issue") because

the Hospital initially did not request reimbursement for those costs. The Medicare statute and applicable regulations provide that the Hospital has a right to seek judicial review of this final jurisdictional determination by the PRRB.

## II.    JURISDICTION AND VENUE

3.    This action arises under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. (the "Medicare Statute"), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

4.    This Court has jurisdiction under 42 U.S.C. § 1395oo(f)(1).

5.    Pursuant to 42 U.S.C. § 1395oo(f)(l), venue for a plaintiff such as this Hospital is proper in the United States District Court for the District of Columbia.

## III.    PARTIES

6.    Plaintiff UMDNJ-University Hospital ("the Hospital"), 150 Bergen Street, Newark, New Jersey, is an inpatient hospital that serves as the core teaching facility of UMDNJ – New Jersey Medical School and is assigned Medicare Provider Number 31-0119.

7.    Defendant Michael O. Leavitt is the Secretary of the Department of Health and Human Services, the federal department responsible for the administration of the Medicare and the Medicaid programs.

## IV.    THE MEDICARE PROGRAM

8.    Congress enacted the Medicare Program (Title XVIII of the Social Security Act) in 1965. As originally enacted, Medicare was a public health insurance program that furnished health benefits to participating individuals once they reached the age of 65. Over the years, it has been expanded to provide health benefits to qualifying disabled persons and to individuals suffering from end-stage renal disease.

9.     Among the benefits covered by Medicare are hospital services.  For cost reporting years beginning before October 1, 1983, the Medicare Program reimbursed hospital services on a "reasonable cost" basis.  42 U.S.C. § 1395f(b).  Effective with cost reporting years beginning on or after October 1, 1983, Congress adopted a prospective payment system ("PPS") to reimburse most hospitals for inpatient operating costs.  42 U.S.C. § 1395ww(d).  Under PPS, hospitals are paid a fixed amount for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

10.     The Secretary has delegated much of the responsibility for administering the Medicare Program to the Centers for Medicare and Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration (herein collectively referred to as "CMS").  The Secretary, through CMS, contracted out many of his audit and payment functions under Medicare to organizations known as "fiscal intermediaries."

11.     At the close of a fiscal year, a provider of services must submit to its intermediary a "cost report" showing both the costs incurred by it during the fiscal year and the appropriate share of those costs apportioned to Medicare.  42 C.F.R. § 413.23(f).  The intermediary is required to analyze and audit the cost report and inform the provider of a final determination of the amount of Medicare reimbursement through a notice of program reimbursement ("NPR").  42 C.F.R. § 405.1803.

12.     A provider dissatisfied with its intermediary's determination may file an appeal with an administrative body called the Provider Reimbursement Review Board ("PRRB") within 180 days of the date of the NPR.  42 U.S.C. § 1395oo(a).

13.     All appeals filed with the PRRB must meet jurisdictional requirements consisting of (i) dissatisfaction on the part of the provider with the intermediary's final determination, (ii)

an amount in controversy in excess of $10,000, and (iii) a request for a hearing made by the provider within 180 days after the provider receives the notice of the intermediary's final determination.  42 U.S.C. § 1395oo.

## V.    THE MEDICARE PROGRAM'S METHODOLOGY FOR CALCULATING THE MEDICARE PAYMENT FOR COSTS OF APPROVED EDUCATIONAL ACTIVITIES

14.    The Medicare statute authorizes the Secretary to reimburse hospitals for the reasonable cost of any services "actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services."  42 U.S.C. § 1395x(v)(1)(A).

15.    The methodology for determining Medicare payments to hospitals for the costs of nursing and allied health education activities, including the Clinical Medical Education Programs Issue in this case, is set forth at 42 C.F.R. § 413.85.

## VII.   THE HOSPITAL APPEALS THE SECRETARY'S FAILURE TO REIMBURSE THE HOSPITAL FOR THE REASONABLE COST OF APPROVED EDUCATIONAL ACTIVITIES AND THE PRRB DETERMINES THAT IT LACKS JURISDICTION OVER THE HOSPITAL

16.    The Hospital submitted its Medicare cost report for cost reporting period July 1, 1999 to June 30, 2000, in accordance with the reimbursement policies of the Centers for Medicare and Medicaid Services ("CMS"), and did not claim costs related to the Clinical Medical Education Programs.  The Intermediary, on April 30, 2002, issued the Notice of Program Reimbursement ("NPR") for fiscal year ended June 30, 2000.  On December 6, 2002, the Hospital timely filed an appeal for fiscal year 2000 and subsequently added the Clinical Medical Education Programs Issue by letter dated February 23, 2006.  By correspondence dated March 1, 2006, the Intermediary challenged the jurisdiction of the PRRB to hear the Clinical Medical Education Programs Issue for fiscal year 2000.

17.     The Hospital submitted a response brief to the PRRB on March 10, 2006.  By correspondence dated May 2, 2006, the PRRB issued a decision, in which the PRRB concluded that it does not have jurisdiction over the Clinical Medical Education Programs Issue for fiscal year June 30, 2000 because the Hospital did not request reimbursement of the cost in its cost report.

18.     The Hospital submitted its Medicare cost report for cost reporting period July 1, 2000 to June 30, 2001, in the same fashion, in accordance with the reimbursement policies of CMS, and did not claim costs related to the Clinical Medical Education Programs.  The Intermediary, on September 29, 2003, issued the NPR for fiscal year ended June 30, 2001.  On March 23, 2004, the Hospital timely filed an appeal for fiscal year 2001 and subsequently added the Clinical Medical Education Programs Issue by letter dated August 25, 2005.  By correspondence dated April 27, 2006, the Intermediary challenged the jurisdiction of the PRRB to hear the Clinical Medical Education Programs Issue for fiscal year 2001.

19.     By correspondence dated June 12, 2006, the PRRB issued a decision, in which the PRRB ruled that it does not have jurisdiction over the Clinical Medical Education Programs Issue for fiscal year June 30, 2001 because the Hospital did not claim the cost on its cost report.

20.     Upon information and belief, the PRRB has denied jurisdiction for the issue fiscal years 1999, 2002 and 2003, as well.

21.     The present suit was filed within 60 days of the Hospital receiving notice of the PRRB's decision that it lacked jurisdiction over the Clinical Medical Education Programs issue for both the 2000 and 2001 fiscal year.  Thus, this case is ripe for judicial review, and the court has jurisdiction over this case, under 42 U.S.C. § 1395oo(f)(l).

## COUNT I – DECLARATORY JUDGMENT
## THE PRRB HAS JURISDICTION OVER THE HOSPITAL'S APPEAL

22.    The Hospital re-alleges and incorporates by reference paragraphs 1 through 21 as if set forth at length below.

23.    The Hospital satisfied all the jurisdictional requirements for its PRRB appeal. First, the appeals were filed by the Hospital within the 180-day time period and therefore were timely. Second, there is also no dispute that each issue in the foregoing appeals exceeded $10,000 in value. Third, the Hospital meets the requirement that it was "dissatisfied" with the total amount of reimbursement set forth in its NPRs for fiscal years 2000 and 2001. Although the Hospital did not affirmatively claim costs related to the Clinical Medical Education Programs Issue on its Medicare cost reports for these years, it registered its dissatisfaction as part of the timely and valid filed appeals for the Clinical Medical Education Programs Issue. The PRRB, therefore, has jurisdiction over these appeals, and should have denied the Intermediary's jurisdictional challenges.

24.    In addition, in Bethesda Hospital Assoc. v. Bowen, 485 U.S. 399, 1259 (1988), the Supreme Court held that where a provider files a cost report in full compliance with the Secretary's rules and regulations, the provider is not barred from claiming dissatisfaction with the amount of reimbursement allowed by those rules and regulations. The Court recognized that in those situations, providers can claim dissatisfaction without incorporating the challenge on the cost report. Id. Here, the Secretary's policy precludes reimbursement to the Hospital for the cost of Clinical Medical Education Programs. The Hospital has not, for any cost report year, been reimbursed by Medicare for the costs associated with the Clinical Medical Education Programs. Thus, under Bethesda, the provider is able to claim dissatisfaction without incorporating the cost

of Clinical Medical Education Programs in its cost reports. The PRRB, therefore, has jurisdiction over these appeals, and should have denied the Intermediary's jurisdictional challenges.

      **WHEREFORE**, the Hospital requests relief as follows:

      (1)     A declaration by the Court that:

          (a)     The PRRB has jurisdiction over the Hospital's appeals for fiscal years 2000 and 2001;

          (b)     the PRRB's decision to deny jurisdiction over the Clinical Medical Education Programs Issue was in error;

          (c)     Remanding the matter to the PRRB for a determination on the Clinical Medical Education Programs' issue;

      (2)     Attorneys fees and costs of suit incurred by the Hospital as permitted by law; and

      (3)     Such other relief as this Court deems just and appropriate.

Respectfully submitted,

Murray J. Klein
DC Bar #492415
Jacqueline E. Bennett
DC Bar #474355
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC  20005
(202) 414-9200
(202) 414-9299 Facsimile
JBennett@ReedSmith.com

Attorneys for the Plaintiff

Dated: June 29, 2006