## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMDMJ-UNIVERSITY HOSPITAL,   ) | |
| ) | |
| Plaintiff ,   ) | |
| ) | |
| v.   ) | Case No. 1:06CV01200 (EGS) |
| ) | |
| MICHAEL O. LEAVITT, Secretary   ) | |
| of the United States Department   ) | |
| of Health and Human Services,   ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

## ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff's Complaint ("the Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims arise solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Using the same numbered paragraphs as the Complaint, the Secretary answers Plaintiff's allegations in the numbered paragraphs of the Complaint as follows:

1.    This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

2.    The first sentence of this paragraph contains Plaintiff's characterization of this action and of a May 2, 2006, decision by the Provider Reimbursement Review Board ("PRRB"), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's May 2, 2006, decision (see Administrative Record ("A.R.") 2-3), which is the best evidence of the decision's contents, for a full and accurate statement of its contents.  The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395oo(f) and 42 C.F.R. § 405.1877 for a full and accurate statement of the statutory and regulatory provisions regarding judicial review of a final decision by the Secretary in provider reimbursement cases.

3.    Denies, except to admit that this action arises solely under the Medicare statute.

4.    Denies, except to admit that Plaintiff's claims arise solely under the Medicare statute, and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

5.  Admits.

6.  Denies, except to admit that Plaintiff UMDNJ-University Hospital is located at 150 Bergen Street, Newark, New Jersey, is a general acute care hospital, and is assigned Medicare Provider Number 31-0119.

7.  Denies, except to admit that Defendant Michael O. Leavitt is the Secretary of Health and Human Services, and that Defendant is principally responsible for administration of the Medicare and Medicaid programs.

8.  Admits.

9.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A), and 42 C.F.R. Part 413 for a full and accurate description of Medicare's cost-based reimbursement system, and to 42 U.S.C. § 1395ww(d) and 42 C.F.R. Part 412 for a full and accurate description of Medicare's prospective payment system for certain inpatient hospital services.

10.  Denies the first sentence of this paragraph, except to admit that the Secretary has delegated considerable authority for program administration to the Administrator of the Centers for Medicare & Medicaid Services ("CMS").  Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to the Centers for Medicare & Medicaid Services, 66 Fed. Reg. 35,437 (July 5,

-3-

2001).  The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395h and to 42 C.F.R. §§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.

11.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 C.F.R. § 413.24(f) for a full and accurate description of the function of the Medicare cost report, and to 42 C.F.R. § 405.1803 for a full and accurate description of the notice of program reimbursement ("NPR") issued by a fiscal intermediary to a provider participating in the Medicare program.

12-13.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited provisions of the Medicare statute for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

14.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A) and 42

C.F.R. Part 413 for a full and accurate description of Medicare's cost-based

reimbursement system.

15.  This paragraph contains conclusions of law, not allegations of fact, and thus

no response is required; to the extent a response is deemed necessary, denies.  The

Secretary respectfully refers the Court to the cited regulation for a full and accurate

statement of its contents.

16.  Denies the first sentence of this paragraph, except to admit that Plaintiff's

Medicare cost report for its cost reporting period from July 1, 1999 to June 30, 2000, did

not include a claim for reimbursement of costs purportedly related to a clinical medical

education program.  The second sentence contains Plaintiff's characterization of an NPR

issued by the fiscal intermediary dated June 12, 2002, not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies.  The Secretary

respectfully refers the Court to the full text of the NPR for cost reporting period July 1,

1999 to June 30, 2000 (see A.R. 622-25), which is the best evidence of the NPR's

contents, for a full and accurate statement of its contents.  The third sentence contains

Plaintiff's characterization of letters dated December 6, 2002, and February 23, 2006,

from Plaintiff to the PRRB and the fiscal intermediary, not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies.  The Secretary

respectfully refers the Court to the full text of the December 6, 2002, and February 23,

2006, letters (see A.R. 65, 615-16), which is the best evidence of their contents, for a full

and accurate statement of their contents.  The fourth sentence contains Plaintiff's characterization of correspondence dated March 1, 2006, from the fiscal intermediary to the PRRB and Plaintiff, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the March 1, 2006, letter (see A.R. 12-64), which is the best evidence of its contents, for a full and accurate statement of its contents.

17.  The first sentence of this paragraph contains Plaintiff's characterization of correspondence dated March 10, 2006, from the Plaintiff to the PRRB and the Intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the March 10, 2006, correspondence (see A.R. 5-11), which is the best evidence of its contents, for a full and accurate statement of its contents.  The second sentence contains Plaintiff's characterization of a PRRB decision dated May 2, 2006, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's May 2, 2006, decision (see A.R. 2-3), which is the best evidence of its contents, for a full and accurate statement of its contents.

18.  Denies the first sentence of this paragraph, except to admit that Plaintiff's Medicare cost report for its cost reporting period from July 1, 2000 to June 30, 2001, did not include a claim for reimbursement of costs purportedly related to a clinical medical

education program.  The second sentence contains Plaintiff's characterization of an NPR issued by the fiscal intermediary dated September 29, 2003, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the NPR for cost reporting period July 1, 2000 to June 30, 2001 (see A.R. 817-19), which is the best evidence of the NPR's contents, for a full and accurate statement of its contents.  The third sentence contains Plaintiff's characterization of letters dated March 23, 2004, and August 25, 2005, from the Plaintiff to the PRRB and fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the March 23, 2004, and August 25, 2005, letters (see A.R. 867-71), which is the best evidence of their contents, for a full and accurate statement of their contents.  The fourth sentence contains Plaintiff's characterization of correspondence dated April 27, 2006, from the fiscal intermediary to the PRRB and Plaintiff, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the April 27, 2006, correspondence (see A.R. 803-63), which is the best evidence of its contents, for a full and accurate statement of its contents.

19.  This paragraph contains Plaintiff's characterization of the PRRB's June 12, 2006, decision, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the

full text of the PRRB's June 12, 2006, decision (see A.R. 801-02), which is the best evidence of its contents, for a full and accurate statement of its contents.

    20.  Denies, except to admit that the Board issued a decision dated June 5, 2006, pertaining to the Plaintiff's fiscal year ending June 30, 2002.  The Secretary respectfully refers the Court to the full text of the PRRB's June 5, 2006, decision (copy attached as Exhibit A), which is the best evidence of its contents, for a full and accurate statement of its contents.

    21.  Denies the first sentence of this paragraph, except to admit that this action was filed within 60 days of the PRRB's decisions dated May 2, 2006, and June 12, 2006. Denies the second sentence, except to admit that the Plaintiff's claims arise solely under the Medicare statute, and the Court's jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

    22.  The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 21 of the Complaint, as if each answer were set forth in full.

    23-24.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395oo(f)(1) and Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399 (1988), which is the best evidence of their contents, for a full and accurate statement of their contents.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed to be necessary, denies.  Except to the extent expressly admitted or qualified above the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified two-volume administrative record for this action.

November 9, 2006                         Respectfully submitted,


                                    _____/s/_____
                                    JEFFREY A. TAYLOR
                                    United States Attorney
                                    D.C. Bar No. 498610


                                    _____/s/_____
                                    MEGAN L. ROSE
                                    Assistant United States Attorney
                                    N.C. Bar No. 28639
                                    Civil Division
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 514-7220
                                    Facsimile: (202) 514-8780

                                                /s/
_____        _____
                                   SUSAN MAXSON LYONS
                                   D.C. Bar No. 434249
                                   Attorney
                                   U.S. Department of Health and
                                       Human Services
                                   Office of the General Counsel
                                   Room 5309 Cohen Building
                                   330 Independence Ave., S.W.
                                   Washington, D.C. 20201
                                   (202) 619-3802
                                   Facsimile: (202) 401-1405
_____
_____        Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this  9th  day of November, 2006, served a

true and correct copy of the foregoing Defendant's Answer in UMDMJ-University

Hospital v. Leavitt, Case No. 1:06-CV-01200 (EJS), via the Court's electronic filing

system, on counsel for Plaintiff at the following address:

        Murray J. Klein
        Jacqueline E. Bennett
        REED SMITH LLP
        1301 K Street, N.W.
        Suite 1100 - East Tower
        Washington, D.C. 20005

        _____
        Megan L. Rose
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W. - Room E-4220
        Washington, D.C. 20530