

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671       FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:

Case No. 05-0450            **CERTIFIED MAIL**

JUN 0 5 2006

Murray J. Klein
Reed Smith LLP
Princeton Forrestal Village, Suite 250
136 Main Street, P.O. Box 7839
Princeton, NJ 08540 7839

RE: UMDNJ – University Hospital, Provider No. 31-0119, Case No. 05-0450, FYE - 06/30/2002

Dear Mr. Klein:

The Provider Reimbursement Review Board (the "Board") has reviewed the Intermediary's comments challenging jurisdiction, and the Provider's comments in response. The Intermediary contends that the Board does not have jurisdiction over the costs related to the Clinical Education Programs issue because there was no audit adjustment made to this issue in the Intermediary final determination.

The Provider responds that the Board has jurisdiction over this issue because the statute states that a provider may obtain a hearing if it is dissatisfied with a final determination of the intermediary as to the amount of reimbursement. The Provider also responds that the Board has jurisdiction over this issue because the Board may review issues pertaining to costs covered by the cost report even though such matters were not considered by the Intermediary in making such final determination. The Provider contends that an audit adjustment is not a prerequisite to Board jurisdiction over a Provider appeal, that the Board has jurisdiction over all matters covered by the Hospital's cost report, and that the resolution of the self-disallowance issue in the Bethesda decision establishes that the Board has jurisdiction over the Clinical Education Programs issue in this appeal.

The Board has considered the positions of the parties and finds that it does not have jurisdiction over the Clinical Education Programs issue for fiscal year June 30, 2002 because the Provider failed to request reimbursement for all costs to which it was entitled.

Pursuant to 42 U.S.C. §1395oo(a) and 42 C.F.R. §§405.1835 - 405.1841, a provider has a right to a hearing before the Board with respect to costs claimed on a timely filed cost report if it is dissatisfied with the final determination of the intermediary, the amount in controversy is $10,000 or more, and the request for a hearing is filed within 180 days of the date of the Notice of Program Reimbursement (NPR).

**RECEIVED**

JUN 0 7 2006

PROVIDER AUDIT
REIMBURSEMENT

Page 2

In <u>Bethesda Hospital Association v. Bowen</u>, 485 U.S. 399 (1988), the Supreme Court held that the Board has jurisdiction over costs that were unclaimed or self-disallowed by the Provider if the Intermediary would have been bound to disallow these costs by a methodology/formula mandated by a statute, regulation, rule or manual provision had the costs been claimed by the Provider since any attempt to persuade the Intermediary to do otherwise would have been futile. The Provider in <u>Bethesda</u> is in a different position from those who fail to claim reimbursement to which they are entitled.

In this case, it was not futile for the Provider to claim the full amount of reimbursement to which it was entitled, but the Provider nevertheless failed to request reimbursement for all cost to which it was entitled.

Also, since the Board's function is to review intermediary determinations, to permit providers to totally bypass the intermediary and require the Board to make initial determinations on issues not reviewed by the intermediary would create an impossible burden and would undermine the statute's intent for the Board to review only. Therefore, the Board hereby denies jurisdiction over the Clinical Education Programs issue. This decision is subject to the provisions of 42 U.S.C. §1395oo(f) and 42 C.F.R. §§405.1875 and 405.1877.

<u>Board Members Participating:</u>

Gary B. Blodgett, DDS
Suzanne Cochran, Esq.
Elaine Crews Powell, C.P.A.
Anjali Mulchandani-West
Yvette C. Hayes

FOR THE BOARD:

Suzanne Cochran
Chairperson

**RECEIVED**

JUN 0 7 2006

PROVIDER AUDIT
REIMBURSEMENT

Enclosures: 42 U.S.C. §1395oo(f) and 42 C.F.R. §§405.1875, and 405.1877.

cc:    Lorraine Rachmiel, Riverbend Goernment Benefits Administrator
       Wilson Leong, Blue Cross Blue Shield Association