## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UMDNJ-UNIVERSITY HOSPITAL,   )
                                  )
            Plaintiff,      )
                                  )
            v.                )     Case No. 1:06CV01200 (EGS)
                                  )
MICHAEL O. LEAVITT, Secretary   )
   of the United States Department   )
   of Health and Human Services,   )
                                  )
           Defendant.    )
_____)

## ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff's Amended Complaint ("the Amended Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims arise solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

<u>THIRD DEFENSE</u>

Using the same numbered paragraphs as the Amended Complaint, the Secretary answers Plaintiff's allegations in the numbered paragraphs of the Amended Complaint as follows:

1.  This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

2.  The first sentence of this paragraph contains Plaintiff's characterization of this action and of certain decisions by the Provider Reimbursement Review Board ("PRRB"), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the two decisions of the PRRB that are included in the administrative record for Plaintiff's original Complaint (<u>see</u> Administrative Record ("A.R.") 2-3, 801-02), and of the two decisions included in the supplemental administrative record for the Amended Complaint (<u>see</u> Supplemental Administrative Record ("S.A.R.") 940-41, 1188-89), for a full and accurate statement of their contents.  The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395oo(f) and 42 C.F.R. § 405.1877 for a full and accurate statement of the statutory

and regulatory provisions regarding judicial review of certain final decisions by the Secretary in Medicare provider reimbursement cases.

3.  Denies, except to admit that this action arises solely under the Medicare statute.

4.  Denies, except to admit that Plaintiff's claims arise solely under the Medicare statute, and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

5.  Admits.

6.  Denies, except to admit that Plaintiff UMDNJ-University Hospital is located at 150 Bergen Street, Newark, New Jersey, is a general acute care hospital, and is assigned Medicare Provider Number 31-0119.

7.  Denies, except to admit that Defendant Michael O. Leavitt is the Secretary of Health and Human Services, and that Defendant is principally responsible for administration of the Medicare and Medicaid programs.

8.  Admits.

9.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A), and 42 C.F.R. Part 413 for a full and accurate description of Medicare's cost-based reimbursement system, and to 42 U.S.C. § 1395ww(d) and 42 C.F.R. Part 412 for a full and accurate

description of Medicare's prospective payment system for certain inpatient hospital services.

10.  Denies the first sentence of this paragraph, except to admit that the Secretary has delegated considerable authority for program administration to the Administrator of the Centers for Medicare & Medicaid Services ("CMS").  Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to the Centers for Medicare & Medicaid Services, 66 Fed. Reg. 35,437 (July 5, 2001).  The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395h and to 42 C.F.R. §§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.

11.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 C.F.R. § 413.24(f) for a full and accurate description of the function of the Medicare cost report, and to 42 C.F.R. § 405.1803 for a full and accurate description of the notice of program reimbursement ("NPR") issued by a fiscal intermediary to a provider participating in the Medicare program.

12-13.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The

Secretary respectfully refers the Court to the cited provisions of the Medicare statute for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

14.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A) and 42 C.F.R. Part 413 for a full and accurate description of Medicare's cost-based reimbursement system.

15.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited regulation for a full and accurate statement of its contents.

16.  Denies the first sentence of this paragraph, except to admit that Plaintiff's Medicare cost report for its cost reporting period from July 1, 1999 to June 30, 2000 ("fiscal year 2000") did not include a claim for reimbursement of costs purportedly related to a clinical medical education program.  The second sentence contains Plaintiff's characterization of an NPR dated June 12, 2002, for Plaintiff's fiscal year 2000, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the cover letter for the NPR (see A.R. 622-25), which is the best evidence of its contents, for a full

and accurate statement of its contents. The third sentence contains Plaintiff's

characterization of letters dated December 6, 2002, and February 23, 2006, from Plaintiff

to the PRRB and the fiscal intermediary, not allegations of fact, and thus no response is

required; to the extent a response is deemed necessary, denies. The Secretary respectfully

refers the Court to the full text of the Plaintiff's December 6, 2002 and February 23, 2006

letters (see A.R. 65, 615-16), which is the best evidence of their contents, for a full and

accurate statement of their contents. The fourth sentence contains Plaintiff's

characterization of a letter dated March 1, 2006, from the fiscal intermediary to the PRRB

and Plaintiff, not allegations of fact, and thus no response is required; to the extent a

response is deemed necessary, denies. The Secretary respectfully refers the Court to the

full text of the fiscal intermediary's March 1, 2006, letter (see A.R. 12-64), which is the

best evidence of its contents, for a full and accurate statement of its contents.

17. The first sentence of this paragraph contains Plaintiff's characterization of a

letter dated March 10, 2006, from Plaintiff to the PRRB and the fiscal intermediary, not

allegations of fact, and thus no response is required; to the extent a response is deemed

necessary, denies. The Secretary respectfully refers the Court to the full text of Plaintiff's

March 10, 2006 letter (see A.R. 5-11) for a full and accurate statement of its contents.

The second sentence contains Plaintiff's characterization of a PRRB decision dated May

2, 2006, not allegations of fact, and thus no response is required; to the extent a response

is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of

the PRRB's May 2, 2006 decision (see A.R. 2-3) for a full and accurate statement of its
contents.

18.   Denies the first sentence of this paragraph, except to admit that Plaintiff's
Medicare cost report for its cost reporting period from July 1, 2000 to June 30, 2001
("fiscal year 2001") did not include a claim for reimbursement of costs purportedly
related to a clinical medical education program.  The second sentence contains Plaintiff's
characterization of a September 29, 2003 NPR concerning Plaintiff's fiscal year 2001, not
allegations of fact, and thus no response is required; to the extent a response is deemed
necessary, denies.  The Secretary respectfully refers the Court to the full text of the cover
letter for the NPR (see A.R. 817-19) for a full and accurate statement of its contents.  The
third sentence contains Plaintiff's characterization of letters dated March 23, 2004, and
August 25, 2005, from Plaintiff to the PRRB and the fiscal intermediary, not allegations
of fact, and thus no response is required; to the extent a response is deemed necessary,
denies.  The Secretary respectfully refers the Court to the full text of Plaintiff's March 23,
2004 and August 25, 2005 letters (see A.R. 867-76) for a full and accurate statement of
their contents.  The fourth sentence contains Plaintiff's characterization of an April 27,
2006 letter from the fiscal intermediary to the PRRB and Plaintiff, not allegations of fact,
and thus no response is required; to the extent a response is deemed necessary, denies.
The Secretary respectfully refers the Court to the full text of the fiscal intermediary's
April 27, 2006 letter (see A.R. 803-63) for a full and accurate statement of its contents.

19.  This paragraph contains Plaintiff's characterization of a PRRB decision dated June 12, 2006, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's June 12, 2006, decision (see A.R. 801-02) for a full and accurate statement of its contents.

20.  This paragraph contains Plaintiff's characterization of a PRRB decision dated December 4, 2006, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's December 4, 2006 decision (see S.A.R. 1188-89) for a full and accurate statement of its contents.

21.  Denies that the PRRB denied jurisdiction for the issue for fiscal year 1999. With respect to fiscal year 2002, this paragraph contains Plaintiff's characterization of a PRRB decision dated June 5, 2006, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's June 5, 2006 decision (see S.A.R. 940-41) for a full and accurate statement of its contents.

22.  Denies the first sentence of this paragraph, except to admit that the original Complaint in this action, which challenged the PRRB's decisions dated May 2, 2006, and June 12, 2006, was filed within 60 days of those decisions.  Denies the second sentence, except to admit that the Plaintiff's claims arise solely under the Medicare statute, and the

Court's jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

23.  The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 22 of the Amended Complaint, as if each answer were set forth in full.

24-25.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399 (1988) for a full and accurate statement of its contents.

The remaining portions of the Amended Complaint contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  Except to the extent expressly admitted or qualified above the Secretary denies each and every allegation in the Amended Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Amended Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified four-volume supplemental administrative record for this action.

March 14, 2007                          Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220
Facsimile: (202) 514-8780
_____


_____/s/_____
SUSAN MAXSON LYONS
D.C. Bar No. 434249
Attorney
U.S. Department of Health and
   Human Services
Office of the General Counsel
Room 5309 Cohen Building
330 Independence Ave., S.W.
Washington, D.C. 20201
(202) 619-3802
Facsimile: (202) 401-1405
_____
_____Counsel for Defendant