UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMDNJ – UNIVERSITY HOSPITAL<br><br>                Plaintiff,<br>             v.<br><br>MICHAEL O. LEAVITT<br>Secretary of the United States Department of<br>Health and Human Services<br><br>                Defendant. | Case No. 1:06-cv-01200 (EGS) |

### MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff UMDNJ-University Hospital ("the Hospital"), by counsel, submits the following memorandum of points and authorities in support of its Motion for Summary Judgment.

### INTRODUCTION

The Provider Reimbursement Review Board (the "PRRB") has jurisdiction over the Plaintiff Hospital's clinical education programs issue for the fiscal years set forth in the Hospital's complaint. The PRRB's decision that it lacks jurisdiction to entertain this issue is contrary to the statutory provision governing jurisdiction over PRRB appeals, 42 U.S.C. § 1395oo(a), and the Supreme Court's decision in Bethesda Hosp. Assoc. v. Bowen, 485 U.S. 399 (1988). For the reasons that follow, the Hospital respectfully requests that this Court reverse the PRRB's decision, and remand this matter to the PRRB for resolution of the clinical education programs issue.

## STATEMENT OF FACTS

**I.    Background Regarding the Medicare Program**

Congress enacted the Medicare program, Title XVIII of the Social Security Act, 42 U.S.C. § 1395ww(d), in 1965. As originally enacted, Medicare was a public health insurance program that furnished health benefits to participating individuals once they reached the age of 65. United States v. Blue Cross and Blue Shield of Mich., 726 F. Supp. 1517, 1519 (E.D. Mich. 1989). Over the years, it has been expanded to provide health benefits to qualifying disabled persons and to individuals suffering from end-stage renal disease. Health Ins. Ass'n. of America, Inc. v. Shalala, 23 F.3d 412, 414 (D.C. Cir. 1994). This matter arises under Part A of the Medicare program, which authorizes payments for, among other things, certain inpatient hospital services and related post-hospital services. See 42 U.S.C. §§ 1395c, 1395d.

For cost reporting years beginning October 1, 1983, the Medicare program reimbursed hospital services on a "reasonable cost" basis. Id. § 1395f(b)(1). Effective with cost reporting years beginning on or after October 1, 1983, Congress adopted the prospective payment system ("PPS") to reimburse most hospitals for inpatient operating costs. Id. § 1395ww(d). Under PPS, hospitals are paid a fixed amount for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments. Id. § 1395ww(d)(1)-(d)(4).

The Secretary has delegated much of the responsibility for administering the Medicare Program to the Centers for Medicare and Medicaid Services ("CMS") formerly known as the Health Care Financing Administration (hereinafter collectively referred to as "CMS"). See 42 U.S.C. §§ 1395h, 1395u. The Secretary, through CMS, delegated many of Medicare's audit and payment functions to organizations known as fiscal intermediaries. Id. § 1395h.

At the close of a fiscal year, a provider of services must submit to its intermediary a "cost report" showing both the costs incurred by it during the fiscal year and the appropriate share of those costs to be apportioned to Medicare. 42 C.F.R. § 413.24(f). The intermediary is required to analyze and audit the cost report and inform the provider of a final determination of the amount of Medicare reimbursement through a notice of program reimbursement ("NPR"). Id. § 405.1803.

A provider dissatisfied with its intermediary's determination may file an administrative appeal with the PRRB within 180 days of the date of the NPR. 42 U.S.C. § 1395oo(a).

## II.    University Hospital's Nursing School Issue

The Medicare statute allows a hospital, in certain circumstances, to claim costs associated with nursing and allied health education activities as Medicare allowable costs. See 42 C.F.R. § 413.85.

The Hospital, for the 2000 cost report year, submitted its Medicare cost report to the intermediary in accordance with the reimbursement policies of CMS, but did not claim costs related to its clinical medical education programs.[1] The Intermediary, on April 30, 2002, issued the NPR for the 2000 cost report year.[2]

On December 6, 2002, the Hospital timely filed an appeal for the 2000 cost report year by filing the appeal with the PRRB within 180 days of the NPR.[3] On February 23, 2006, in accordance with the PRRB rules, the Hospital added to its appeal the issue of whether costs

---

[1] See Administrative Record at 27-30.
[2] See id.
[3] See id. at 113 – 118.

- 3 -

associated with the clinical medical education programs could be included in the 2000 cost report.[4]

On March 1, 2006, the intermediary challenged the jurisdiction of the PRRB to hear the clinical medical education programs issue for the 2000 cost report year.[5] The intermediary argued that, because the costs associated with the clinical medical education programs had not been claimed as allowable costs when the 2000 cost report was filed by the Hospital, the PRRB lacked jurisdiction.

On May 2, 2006, the PRRB issued its jurisdictional decision and ruled that the PRRB did not have jurisdiction over the clinical medical education costs issue for the 2000 cost report year because the costs had not been claimed on the Hospital's cost report for that year.[6] The PRRB, confronted with similar facts, issued equivalent jurisdictional rulings denying jurisdiction over the clinical medical education costs issue for the Hospital's 2001 and 2002 cost report years.

Following the PRRB's decisions, the Hospital filed the present litigation to challenge the PRRB's jurisdictional rulings.

## LEGAL ARGUMENT

Section 1395oo(a) of the Medicare statute "addresses the circumstances in which a provider may invoke the Board's jurisdiction." Bethesda Hosp. Assoc. v. Bowen, 485 U.S. 399, 403 (1988). Under this statutory jurisdictional provision, a provider may obtain a hearing before the PRRB with respect to its cost report so long as the Hospital satisfies three criteria. First, the provider must be "dissatisfied with a final determination of . . . its fiscal intermediary . . . as to

---

[4] See id. at 20.
[5] See id. at 14-18.
[6] See id. at 2-3.

the amount of total program reimbursement due the provider . . . for the period covered by such cost report . . . ." 42 U.S.C. § 1395oo(a)(1)(A)(i).  Second, the amount in controversy must exceed $10,000.  Id. § 1395oo(a)(2).  Third, the provider must file its appeal within 180 days of the NPR.  Id. § 1395oo(a)(3); see also Bethesda, 485 U.S. at 403 (same).  The three criteria are set forth in the statute as follows:

> Any provider . . . may obtain a hearing with respect to [its] cost report if --
>
> (1) such provider--
>
>> (A)(i) is dissatisfied with a final determination of . . . its fiscal intermediary . . . as to the amount of total program reimbursement due the provider . . . for the period covered by such report . . . , and
>
> (2) the amount in controversy is $10,000 or more, and
>
> (3) such provider files a request for a hearing within 180 days . . . ."

42 U.S.C. § 1395oo(a)(1)-(3).

Here, the Hospital has met all three criteria set forth in section 1395oo(a) with respect to the clinical education programs issue.  The Hospital, which was dissatisfied with the amount of the Intermediary's reimbursement as set forth in the NPR for fiscal year 2000, filed an appeal with the PRRB within 180 days of the NPR, and indicated that the amount in controversy exceeded $10,000.  In accordance with the PRRB's rules, the Hospital properly added the clinical education programs issue to the pending appeal.  Because the Hospital has satisfied these jurisdictional criteria, the PRRB should have concluded that the PRRB had jurisdiction over the clinical education programs issue.  Instead, the PRRB denied jurisdiction because the costs were not claimed on the Hospital's cost report.

The PRRB's May 2, 2006 decision, in which the PRRB denied jurisdiction over the issue, defies both the Medicare statute and applicable Supreme Court precedent.  First, the PRRB

misinterprets the jurisdictional provision and the related Medicare regulations when it states that "[p]ursuant to 42 U.S.C. § 1395oo(a) and 42 C.F.R. §§ 405.1835 – 405.1841, a provider has a right to a hearing before the Board with respect to <u>costs claimed</u> on a timely filed cost report if it is dissatisfied with the final determination of the intermediary . . . ."[7] The PRRB's statement that its jurisdiction is dependent upon the Hospital first claiming the cost on its cost report is not supported by either section 1395oo(a) or the cited regulations. As explained above, section 1395oo(a) only sets forth three criteria, all of which the Hospital has satisfied. The regulations do not contradict the statute, <u>see</u> 42 C.F.R. §§ 405.1835 – 405.1841, and, even if they did, they would be void.

The PRRB's position suggests that there exists an administrative exhaustion requirement in the statutory provision governing jurisdiction, which the Hospital failed to meet with respect to the clinical education programs issue.[8] Congress has prescribed exhaustion requirements in other Medicare reimbursement contexts. They are plainly worded and unmistakable. <u>See</u> 42 U.S.C. § 405(h). With respect to the PRRB's jurisdiction, however, Congress chose not to impose a requirement that the Hospital first include the cost on its cost report, filed with the intermediary, before the PRRB can obtain jurisdiction over the issue. <u>See</u> 42 U.S.C. § 1395oo(a). Indeed the statute speaks of jurisdiction in terms of whole appeals, not individual issues.

---

[7] <u>See</u> Administrative Record at 2 (emphasis added).

[8] <u>See</u> <u>id.</u> at 3 ("In this case, it was not futile for the Provider to claim the full amount of reimbursement to which it was entitled, but the Provider nevertheless failed to request reimbursement for all cost to which it was entitled.").

In addition to lacking any statutory and regulatory support, the PRRB's interjection of the additional jurisdictional requirement— "cost claimed on a timely cost report"[9] —is directly at odds with applicable Supreme Court precedent. See Bethesda, 485 U.S. at 405-406. In Bethesda, the Supreme Court reviewed section 1395oo(d) of the Medicare statute, which sets forth the powers and duties of the PRRB once the PRRB's jurisdiction has been invoked. Id. at 405. The Court stated that section 1395oo(d) "explicitly provides that in making its decision whether to affirm, modify, or reverse the intermediary's decision, the Board can 'make any other revisions on matters covered by such cost report . . . even though such matters were not considered by the intermediary in making such final determination.'" Id. at 405-406 (quoting 42 U.S.C. § 1395oo(d)). According to the Court, "[t]his language allows the Board, once it obtains jurisdiction pursuant to [section 1395oo(a)], to review and revise a cost report <u>with respect to matters not contested before the fiscal intermediary</u>." Bethesda, 485 U.S. at 406 (emphasis added). The Court held that "[t]he only limitation prescribed by Congress is that the matter must have been 'covered by such cost report,' that is, a cost or expense that was incurred within the period for which the cost report was filed, <u>even if such cost or expense was not expressly claimed</u>." Id. (emphasis added).

In the instant matter, there is no dispute that the PRRB obtained jurisdiction over the Hospital's appeal when the Hospital filed its request for a hearing within 180 days of the NPR. The Intermediary and the PRRB only had jurisdictional concerns regarding the clinical education programs issue, which the Hospital added after the appeal was filed. Under Bethesda, however, because the PRRB already had jurisdiction over the appeal under section 1395oo(a), the PRRB also had jurisdiction to review and revise costs related to the clinical education programs issue,

---

[9] See id. at 2.

even though the issue had not been contested before the fiscal intermediary.  See Bethesda, 485 U.S. at 406.

The PRRB attempts to limit the holding in Bethesda to those instances where the costs "were unclaimed or self-disallowed by the Provider [and the Provider] would have been bound to disallow these costs by a methodology/formula mandated by a statute, regulation, rule, or manual provision had the costs been claimed by the Provider . . . ."[10]  This limitation is not found in the decision, nor is it found anywhere in the statute.  See 42 U.S.C. § 1395oo(a).

The Bethesda Court did initially recognize that differences "might" exist between those providers who had self-disallowed reimbursement and those who failed to request from the intermediary reimbursement for all costs to which they were entitled.  Bethesda, 485 U.S. at 405.  However, the Court's ultimate holding regarding PRRB jurisdiction clearly encompassed both categories of providers.  If the PRRB properly obtains jurisdiction over the appeal under section 1395oo(a), the Court has jurisdiction to review any cost incurred within the fiscal year at issue, regardless of whether the cost was self-disallowed or simply not requested.  See id. at 406.  Neither the jurisdictional statute nor the Supreme Court's holding in Bethesda can support a different result.

Finally, the PRRB concludes that if it were to find jurisdiction over the clinical education programs issue, its decision would "permit providers to totally bypass the intermediary and require the [PRRB] to make initial determinations on issues not reviewed by the intermediary …."[11]  According to the PRRB, this "would create an impossible burden and would undermine

---

10  See id. at 3.
11  See id.

the statute's intent . . . ."[12]  Musings on policy, however, cannot create an administrative exhaustion requirement where none exists, just because the PRRB and the Secretary happen to think that such a requirement is a swell idea.  The PRRB's concern is of no relevance to the Court's disposition of this matter.  The statute unambiguously provides for jurisdiction in the present matter.  If the PRRB and the Department are of the opinion that the jurisdictional provision should be more restrictive, the Department can ask Congress to change the law.  Unless and until the statute is revised, and the Supreme Court's holding in Bethesda is statutorily nullified, the law can lead to only one result:  a finding that the PRRB has jurisdiction over the clinical education programs issue.

It is anticipated that the Department will rely upon the Circuit Court's 1984 decision in Athens Cmty. Hosp. v. Schweiker, 743 F.2d 1 (D.C. Cir. 1984).  The hospitals in Athens sought to add an issue related to reimbursement of certain stock option costs and federal income taxes to existing appeals before the PRRB.  Id. at 4.  The PRRB concluded that it lacked jurisdiction to review the new issue because the Hospitals' cost reports did not include requests for reimbursement of either stock options or federal income taxes.  Id.  After struggling with the interpretation of the Medicare statute, the Court ultimately agreed with the PRRB, concluding that the PRRB "was correct in holding that it did not have jurisdiction to consider these costs because the intermediary was never given the opportunity to make a final determination about them."  Id. at 10.

The Athens decision cannot square with, and was implicitly overruled by, the Supreme Court's holding in Bethesda.  The Athens Court's analysis was flawed from the outset because it improperly concluded that the PRRB's jurisdiction is set out in section 1395oo(d), and that the

---

[12] See id.

PRRB's <u>functions</u> are set forth in section 1395oo(a).  See <u>Athens</u>, 743 F.2d at 3 & 6.  The Supreme Court in <u>Bethesda</u> reached the exact opposite conclusion.  The <u>Bethesda</u> Court correctly noted that the PRRB's jurisdiction is actually set forth in section 1395oo(a), and that section 1395oo(d) simply sets forth the powers and duties of the PRRB once jurisdiction is already found.  <u>Bethesda</u>, 485 U.S. at 403-404 & 405-406.

This confusion on the part of the Court in <u>Athens</u> resulted in the Court failing to analyze the PRRB's jurisdiction under section 1395oo(a).  Instead, the Court, after a tortured interpretation of the wrong statutory provision, concluded that the PRRB did not have jurisdiction under section 1395oo(d).  <u>Athens</u>, 743 F.2d at 9.

The Court's conclusion in <u>Athens</u> is completely inconsistent with the Supreme Court's subsequent holding in <u>Bethesda</u>, in which the Supreme Court found that PRRB jurisdiction is dependent upon the Hospital's satisfaction of the criteria set forth in section 1395oo(a).  The Court specifically held that the language in section 1395oo(d) allows the PRRB, once it has already obtained jurisdiction, to review and revise a cost report with respect to matters not contested before the intermediary.  <u>Bethesda</u>, 485 U.S. at 405-406.  This Court, therefore, must follow the Supreme Court's holding in <u>Bethesda</u> and disregard the flawed reasoning in <u>Athens</u>.

## **CONCLUSION**

Based upon the foregoing, the Hospital respectfully requests that this Court conclude that the PRRB has jurisdiction over the clinical education programs issue.

- 11 -

                                                            Respectfully submitted,

                                                            _/s/ Jacqueline E. Bennett_____
                                                            Jacqueline E. Bennett
                                                            DC Bar #474355
                                                            Murray J. Klein
                                                            DC Bar #492415
                                                            **REED SMITH LLP**
                                                            1301 K Street, N.W.
                                                            Suite 1100 – East Tower
                                                            Washington, DC  20005
                                                            (202) 414-9200
                                                            (202) 414-9299 facsimile
                                                            JBennett@ReedSmith.com

Dated:  April 13, 2007