

# DEPARTMENT OF HEALTH AND HUMAN SERVICES
## PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

RECEIVED JUN 1 4 2006

Refer to:

Case No. 04-1461          **CERTIFIED MAIL**

JUN 1 2 2006

Murray J. Klein
Reed Smith LLP
Princeton Forrestal Village, Suite 250
136 Main Street, P.O. Box 7839
Princeton, NJ 08540 7839

RE: UMDNJ – University Hospital, Provider No. 31-0119, Case No. 04-1461, FYE - 06/30/2001

Dear Mr. Klein:

The Provider Reimbursement Review Board (the "Board") has reviewed the Intermediary's comments challenging jurisdiction, and the Provider's comments in response. The Intermediary contends that the Board does not have jurisdiction over the costs related to the Clinical Education Programs issue because there was no audit adjustment made to this issue in the Intermediary final determination.

The Provider responds that the Board has jurisdiction over this issue because the statute states that a provider may obtain a hearing if it is dissatisfied with a final determination of the intermediary as to the amount of reimbursement. The Provider also responds that the Board has jurisdiction over this issue because the Board may review issues pertaining to costs covered by the cost report even though such matters were not considered by the Intermediary in making such final determination. The Provider contends that an audit adjustment is not a prerequisite to Board jurisdiction over a Provider appeal, that the Board has jurisdiction over all matters covered by the Hospital's cost report, and that the resolution of the self-disallowance issue in the Bethesda decision establishes that the Board has jurisdiction over the Clinical Education Programs issue in this appeal.

The Board has considered the positions of the parties and finds that it does not have jurisdiction over the Clinical Education Programs issue for fiscal year June 30, 2001 because the Provider failed to request reimbursement for all costs to which it was entitled.

Pursuant to 42 U.S.C. §1395oo(a) and 42 C.F.R. §§405.1835 - 405.1841, a provider has a right to a hearing before the Board with respect to costs claimed on a timely filed cost report if it is dissatisfied with the final determination of the intermediary, the amount in controversy is $10,000 or more, and the request for a hearing is filed within 180 days of the date of the Notice of Program Reimbursement (NPR).

Page 2

In <u>Bethesda Hospital Association v. Bowen</u>, 485 U.S. 399 (1988), the Supreme Court held that the Board has jurisdiction over costs that were unclaimed or self-disallowed by the Provider if the Intermediary would have been bound to disallow these costs by a methodology/formula mandated by a statute, regulation, rule or manual provision had the costs been claimed by the Provider since any attempt to persuade the Intermediary to do otherwise would have been futile. The Provider in <u>Bethesda</u> is in a different position from those who fail to claim reimbursement to which they are entitled.

In this case, it was not futile for the Provider to claim the full amount of reimbursement to which it was entitled, but the Provider nevertheless failed to request reimbursement for all cost to which it was entitled.

Also, since the Board's function is to review intermediary determinations, to permit providers to totally bypass the intermediary and require the Board to make initial determinations on issues not reviewed by the intermediary would create an impossible burden and would undermine the statute's intent for the Board to review only. Therefore, the Board hereby denies jurisdiction over the Clinical Education Programs issue. This decision is subject to the provisions of 42 U.S.C. §1395oo(f) and 42 C.F.R. §§405.1875 and 405.1877.

<u>Board Members Participating:</u>

Gary B. Blodgett, DDS
Suzanne Cochran, Esq.
Elaine Crews Powell, C.P.A.
Anjali Mulchandani-West
Yvette C. Hayes

FOR THE BOARD:

Suzanne Cochran
Chairperson

Enclosures: 42 U.S.C. §1395oo(f) and 42 C.F.R. §§405.1875, and 405.1877.

cc:   Lorraine Rachmiel, Riverbend Goernment Benefits Administrator
      Wilson Leong, Blue Cross Blue Shield Association

(a) *General rule*

Section 1878(f) of the Act permits a provider to obtain judicial review of a final decision of the Board, or of a reversal, affirmation, or modification by the Administrator of a Board decision, by filing a civil action pursuant to the Federal Rules of Civil Procedure within 60 days of the date on which the provider received notice of—

(1) A final decision by the Board; or
(2) Any reversal, affirmance, or modification by the Administrator. The Board's decision is not final if the Administrator reverses, affirms or modifies the decision within 60 days of the date on which the provider received notice of the decision.

(b) *Administrator declines to review a Board decision*

If the Administrator declines to review a Board decision, the provider must file its appeal within 60 days of receipt of the decision of the Board.

(c) *Administrator does not act after reviewing a Board decision*

If the Administrator notifies the parties that he or she has decided to review a Board decision and then does not make a decision within the 60 days allotted for his or her review, this subsequent inaction constitutes an affirmance allowing a provider an additional 60 days in which to file for judicial review, beginning with the date the Administrator's time expires for taking action under Sec. 405.1875(g)(2).

(d) *Matters not subject to judicial review*

Certain matters affecting payments to hospital under the prospective payment system are not subject to judicial review, as provided in section 1886(d)(7) of the Act and Sec. 405.1804.

(e) *Group appeals*

Any action under this section by providers that are under common ownership or control (see Sec. 413.17 of this chapter) must be brought by the providers as a group with respect to any matter involving an issue common to the providers.

(f) *Venue for appeals*

An action for judicial review must be brought in the District Court of the United States for the judicial district in which the provider is located (or, effective April 20, 1983, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia.

Effective April 20, 1983, any action for judicial review by providers under common ownership or control (Sec. 413.17 of this chapter), must be brought by such providers as a group with respect to any matter involving an issue common to the providers.

(g) *Service of process*

Process must be served as described under 45 CFR Part 4.

[48 FR 39836, Sept. 1, 1983, as amended at 48 FR 45774, Oct. 7, 1983; 51 FR 34793, Sept. 30, 1986]

### Sec. 405.1875  Administrator's review

*(a) General rule*

(1) Except for a Board determination under Sec. 405.1842 that it lacks the authority to decide an issue, the Administrator, at his or her discretion, may review any final decision of the Board, including a decision under Sec. 405.1873 about the Board's jurisdiction to grant a hearing. The Administrator may exercise this discretion on his or her own motion, in response to a request from a party to a Board hearing or in response to a request from HCFA.

(2) The Office of the Attorney Advisory will examine the Board's decisions, the requests made by a party or HCFA and any submission made in accordance with the provisions of this section in order to assist the Administrator in deciding whether to exercise this review authority.

*(b) Request for review*

A party or HCFA requesting the Administrator to review a Board decision must file a written request with the Administrator within 15 days of the receipt of the Board decision.

*(c) Criteria for deciding whether to review*

In deciding whether to review a Board decision, either on his or her own motion or in response to a request from a party to the hearing or HCFA, the Administrator will normally consider whether it appears that:

(1) The Board made an erroneous interpretation of law, regulation or HCFA Ruling;

(2) The Board's decision is not supported by substantial evidence; or

(3) The case presents a significant policy issue having a basis in law and regulations, and review is likely to lead to the issuance of a HCFA Ruling or other directive needed to clarify a statutory or regulatory provision;

(4) The Board has incorrectly assumed or denied jurisdiction or extended its authority to a degree not provided for by statute, regulation or HCFA Ruling; and

(5) The decision of the Board requires clarification, amplification, or an alternative legal basis for the decision.

*(d) Decision to review*

(1) Whether or not a party or HCFA has requested review, the Administrator will promptly notify the parties and HCFA whether he or she has decided to review a decision of the Board and, if so, will indicate the particular issues he or she will consider.

(2) The Administrator may decline to review a case or any issue in a case even if a party has filed a written request for review under paragraph (b) of this section.

*(e) Written submissions*

(1) Within 15 days of receipt of a notice that the Administrator has decided to review a Board decision, a party or HCFA may submit to the Administrator, in writing:

(i) Proposed findings and conclusions;

(ii) Supporting views or exceptions to the Board decision;

(iii) Supporting reasons for the exceptions and proposed findings; and

(iv) A rebuttal of the other party's request for review or other submissions already filed with the Administrator.

(2) These submissions shall be limited to issues the Administrator has decided to review and confined to the record of the Board hearing.

(3) A party or HCFA, within 15 days of receipt of a notice that the Administrator has decided to review a decision, may also request that the decision be remanded and state reasons for doing so. Reasons for a request to remand may include new, substantial evidence concerning—

(i) Issues presented to the Board; and

(ii) New issues that have arisen since the case was presented to the Board.

(4) A copy of any written submission made under this paragraph shall be sent simultaneously to each other party to the Board hearing and to HCFA, if HCFA has previously—

(i) Requested that the Administrator review a Board decision or filed a written submission in response to a party's request for review.

(ii) Responded to a party's request for review; or

(iii) Submitted material after the Administrator has announced that he or she will review a Board decision.

*(f) Ex parte communications prohibited*

All communications from any of the parties or HCFA about a Board decision being reviewed by the Administrator must be in writing and must contain a certification that copies have been served on the parties and HCFA, as appropriate. The Administrator will not consider any communication that does not meet these requirements or is not submitted within the required time limits.

*(g) Administrator's decision*

(1) If the Administrator has notified the parties and HCFA that he or she has decided to review a Board decision, the Administrator will affirm, reverse, modify or remand the case.

(2) The Administrator will make this decision within 60 days after the provider received notification of the Board decision and will promptly mail a copy of the decision to each party and to HCFA.

(3) Any decision other than to remand will be confined to—

(i) The record of the Board, as forwarded by the Board;

(ii) Any materials submitted under paragraphs (b) or (e) of this section; and

(iii) Generally known facts that are not subject to reasonable dispute.

(4) The Administrator may rely on prior decisions of the Board, the Administrator and the courts, and other applicable law, whether or not cited by the parties and HCFA.

*(h) Remand*

(1) A remand to the Board by the Administrator vacates the Board's decision.

(2) The Administrator may direct the Board to take further action with respect to the development of additional facts or new issues, or to consider the applicability of laws or regulations other than those considered by the Board. The following are not acceptable bases for remand—

(i) Presentation of evidence existing at the time of the Board hearing that was known or reasonably could have been known;

(ii) Introduction of a favorable court case that was either not available in print at the time of the Board hearing or was decided after the Board hearing;

(iii) Change of a party's representation before the Board;

(iv) Presentation of an alternative legal basis concerning an issue in dispute; or

(v) Attempted retraction of a waiver of a right made before or at the Board hearing.

(3) After remand, the Board will take the action requested in the remand action and issue a new decision.

(4) The new decision will be final unless the Administrator reverses, affirms, modifies, or again remands the decision in accordance with the provisions of the section.

**42 § 1395oo**            SOCIAL SECURITY   Ch. 7

**(f) Finality of decision; judicial review; determinations of Board authority; jurisdiction; venue; interest on amount in controversy**

(1) A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received. Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received. If a provider of services may obtain a hearing under subsection (a) of this section and has filed a request for such a hearing, such provider may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy (accompanied by such documents and materials as the Board shall require for purposes of rendering such determination). The Board shall render such determination in writing within thirty days after the Board receives the request and such accompanying documents and materials, and the determination shall be considered a final decision and not subject to review by the Secretary. If the Board fails to render such determination within such period, the provider may bring a civil action (within sixty days of the end of such period) with respect to the matter in controversy contained in such request for a hearing. Such action shall be brought in the district court of the United States for the judicial district in which the provider is located (or, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia and shall be tried pursuant to the applicable provisions under chapter 7 of Title 5 notwithstanding any other provisions in section 405 of this title. Any appeal to the Board or action for judicial review by providers which are under common ownership or control or which have obtained a hearing under subsection (b) of this section must be brought by such providers as a group with respect to any matter involving an issue common to such providers.

(2) Where a provider seeks judicial review pursuant to paragraph (1), the amount in controversy shall be subject to annual interest beginning on the first day of the first month beginning after the 180-day period as determined pursuant to subsection (a)(3) of this section and equal to the rate of return on equity capital established by regulation pursuant to section 1395x(v)(1)(B) of this title and in effect at the time the civil action authorized under paragraph (1) is commenced, to be awarded by the reviewing court in favor of the prevailing party.

(3) No interest awarded pursuant to paragraph (2) shall be deemed income or cost for the purposes of determining reimbursement due providers under this chapter.