UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 98-7254-CIV-FERGUSON/SNOW

AMISUB (NORTH RIDGE HOSPITAL),
INC.,

      Plaintiff,

   vs.

DONNA E. SHALALA,
Secretary of Health and
Human Services,

     Defendant.

_____/



FILED by _____ D.C.

SEP 2 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### ORDER OF FINAL JUDGMENT

BY SEPARATE ORDER the Court denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment. Accordingly, it is hereby

ORDERED AND ADJUDGED that final judgment is entered in favor of the defendant. The case is hereby CLOSED and all motions not ruled upon are denied as moot.

DONE AND ORDERED at Fort Lauderdale, Florida, this 27th day of September, 2000.

_Lurana S. Snow_

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:    Jon P. Neustadter, Esq.
               William K. Hill, Esq.
               AUSA Laurie E. Rucoba (FTL)

00054

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-7254-CIV-FERGUSON

AMISUB (NORTH RIDGE HOSPITAL), INC.

       Plaintiff,

v.

SECRETARY OF U.S. DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

       Defendant.

_____/



FILED by ____ D.C.

JUN 2 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

O R D E R

This cause is before the Court on the Plaintiff's Motion for Summary Judgment and the Defendant's Cross Motion for Summary Judgment, which were referred to United States Magistrate Judge, Lurana S. Snow. The plaintiff seeks reversal of the final decision of the defendant regarding the amount of reimbursement to the plaintiff for Medicare services provided by the plaintiff. The legal issues raised have been fully briefed, and the parties agree that there is no genuine issue of material fact for determination. Therefore, the motions are ripe for determination and summary judgment is appropriate.

I. STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

1. The Medicare Act establishes a system of health insurance for the aged and disabled. 42 U.S.C. §§ 1395-1395ggg.

2. The Medicare program is federally funded and is administered by the defendant, DONNA E. SHALALA, Secretary of the United States Department of Health and Human Services, through the Health care Financing Administration (HCFA). 42 U.S.C. § 1395kk.

00055

EXHIBIT ___2

3. Fiscal intermediaries are private organizations that make Medicare payments to Medicare "providers," such as the plaintiff, pursuant to contracts with the defendant. 42 U.S.C. § 1395h.

4. Providers are required to submit a "cost report" at the close of the fiscal year, which, among other things, identifies the total costs incurred during the course of a twelve-month fiscal year. 42 C.F.R. §§ 413.20, 413.24.

5. Among other duties, the fiscal intermediaries are required to analyze and audit the cost report and to inform the provider of a determination of the amount of total Medicare reimbursement owing the provider. 42 C.F.R. §§ 405.1801(), 405.1803.

6. The intermediary's determination is referred to as the notice of amount of program reimbursement (NPR). 42 C.F.R. §§ 405.1801(a), 405.1803.

7. The Provider Reimbursement Review Board (PRRB) is an administrative tribunal that sits in Baltimore, Maryland, and decides disputes between Medicare providers and their intermediaries over the amount of reimbursement owed by the Medicare program for services provided to Medicare patients. 42 U.S.C. § 1395oo.

8. If a provider of Medicare services is dissatisfied with its intermediary's determination of the amount of total Medicare program reimbursement for a particular period (as set

2

EXHIBIT 2

forth in the NPR) and qualifies under 42 U.S.C. § 139500(a), the provider may appeal the intermediary's determination to the PRRB. 42 U.S.C. § 139500(a)(3); 42 C.F.R. § 405.1841(a).

9. An appeal of the intermediary's NPR to the PRRB must be filed in writing within 180 days of the date the NPR was mailed to the provider.   42 U.S.C. § 139500(a)(3); 42 C.F.R. § 405.1841(a).

10. The intermediary's decision is "final and binding" unless, <u>inter alia</u>, a Board (PRRB) hearing is requested in accordance with 42 C.F.R. § 405.1835 and a hearing decision is rendered pursuant thereto.  42 C.F.R. § 405.1807(c).

11. Once the PRRB accepts an appeal, it has the power to affirm, modify or reverse a determination of an intermediary with respect to a cost report, even if the intermediary did not consider the matter in making its determination.  42 C.F.R. § 405.1869.

12. A provider may add an issue to a pending appeal up until the time that the hearing commences.    42 C.F.R. § 405.1841(a).

13. A request to reopen an intermediary determination or Board decision must be made within three years of the date of the notice of the intermediary or Board decision, or where there has been no such decision, any such request to reopen must be made within three years of the date of notice of the intermediary determination.  42 C.F.R. § 405.1885(a).

3

EXHIBIT 2

14.   Jurisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision. 42 C.F.R. § 405.1885(c).

15.   The reopening process, if completed, typically results in the issuance of a revised intermediary determination, called a revised NPR. A provider has 180 days within which to appeal any disputed aspect of the revised NPR. 42 C.F.R. § 405.1889.

16. The defendant, through HCFA, has published guidelines in Part I of its Provider Reimbursement Manual (PRM-I) which interpret the applicable regulations.

17. On September 27, 1993, Blue Cross of Florida (Intermediary), the plaintiff's intermediary, issued the NPR for the plaintiff's fiscal year ending September 30, 1991. (Administrative Record, hereinafter "R": 60, 149)

18. The plaintiff timely appealed the Intermediary's determination by letter to the PRRB dated January 24, 1994. (R:60, 149, 152)

19. By letter dated March 28, 1994, the PRRB acknowledged the plaintiff's appeal and requested a list of issues jointly signed by the plaintiff and the Intermediary. (R:60, 146)

20. The Intermediary submitted the jointly signed list of issues to the PRRB by letter dated July 26, 1994. (R:60, 148)

00058
4

EXHIBIT 2

21. By letter dated August 1, 1994, the PRRB scheduled a hearing and set position paper deadlines. (R:152)

22. On October 26, 1995, the Intermediary sent the plaintiff a "Notice of Reopening" of the NPR issued in September 1993 for the plaintiff's fiscal year ending September 30, 1991. This was less than three years from the date of notice of the Intermediary's determination. (R:60)

23. On August 15, 1996, the Intermediary issued a revised NPR pursuant to the reopening notice. Through the revised NPR, the Intermediary recouped $326,194.00 in Medicare payments that previously had been reimbursed to North Ridge through the first NPR. (R:60, 227, 233, 236)

24. The recouped payments resulted from the Intermediary's reclassification of the plaintiff's costs for diabetes counseling, an issue that was not the subject of the pending appeal to the PRRB. (R:233)

25. The plaintiff timely appealed the revised NPR to the PRRB, challenging the Intermediary's right to reopen the NPR while an appeal to the PRRB was pending. The plaintiff did not challenge the reclassification which had decreased the total reimbursement to the plaintiff. (R:229)

26. On March 31, 1998, the PRRB conducted a telephonic hearing on the issue raised by the plaintiff in its appeal of the revised NPR. (R:71-112)

5

EXHIBIT 2

27. On September 15, 1998, the PRRB issued its decision holding that the Intermediary's reopening of the NPR was lawful and proper, despite the pendency of an appeal to the PRRB, and affirming the adjustments made by the Intermediary. (R:6-17)

28. On November 4, 1998, the plaintiff was informed that the Administrator of the HCFA had declined to review the decision of the PRRB. (R:1)

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff seeks reversal of the decision of PRRB, contending that the Intermediary lost jurisdiction to reopen the September 1993 NPR once an appeal of that NPR to the PRRB was filed by the plaintiff and accepted by the PRRB. The plaintiff relies primarily on certain policy guidelines promulgated by the defendant through HCFA, in PRM-1. Specifically, the plaintiff cites the following provisions:

> § 2930.1 When Determinations and Decisions Become Final. For the purpose of the reopening and correction provisions of § 2931 which follow, an intermediary's initial determination, a decision of an intermediary hearing officer, a decision of the Board, or decision of the Secretary becomes final and binding when the specific time limit for appealing such determination or decision expires.
>
> A.    Intermediary's Initial Determination. - An intermediary's initial determination (Notice of Amount of Program Reimbursement) becomes final and binding upon the expiration of 180 calendar days

6

EXHIBIT __2__

after the date of mailing of the
notice, unless before that time the
provider (entity) requests a
hearing. . . .

* * * *

§ 2931. Reopening. - For the
purposes of this section, the term
"reopening" means an affirmative
action taken by an intermediary . .
. to reexamine or question the
correctness of a determination
otherwise final.

* * * *

§ 2931.1 Time Limits for
Reopening. -

A. Reopening an Intermediary
Determination. - An intermediary's
initial determination on the amount
of program payment contained in a
notice of amount of program
reimbursement, which is otherwise
final, may be reopened by the
intermediary within 3 years of the
date of such notice.

The plaintiff also relies on a policy letter issued by

HCFA in 1981, which states that when a provider has requested a

PRRB hearing, "the intermediary may not reopen its determination,

even to consider matters that are not explicitly contained in the

provider's request for a hearing." (R:136) Additionally, the

plaintiff cites an unpublished PRRB decision issued on December 27,

1990, which determined that "an intermediary loses its authority to

reopen a cost report, even to consider matters not contained in a

provider's hearing request, when the Board accepts an appeal from

the provider." (R:139) Finally, the plaintiff points to a change

7

EXHIBIT 2

to the applicable regulations proposed in 1980 which would permit an intermediary to reopen a cost report, even if it has been the subject of a decision of an intermediary's hearing officer or panel, the Board, or the Administrator, in order to consider issues not previously decided by them, and to issue a revised determination. (R:54, 58)

The plaintiff argues that an intermediary cannot reopen an NPR unless that determination is final, and that the NPR is <u>not</u> final if the provider files a timely appeal to the PRRB, citing PRM-I § 2930.1A. The plaintiff points out that the applicable regulations vest jurisdiction for reopening a determination or decision exclusively with that administrative body that rendered the last determination or decision. 42 C.F.R. § 1885(c). According to the plaintiff, that body is the PRRB, because it acceptance of the plaintiff's appeal constitutes the last determination or decision. The plaintiff believes that this interpretation of § 1885(c) makes sense, because the PRRB has the power to make revisions to the cost report, even if those matters were not considered by the intermediary. 42 U.S.C. § 139500(d).

The plaintiff asserts that concurrent jurisdiction of the intermediary and the PRRB is not appropriate or efficient because a provider has the right to add issues to a pending PRRB appeal right up to the date of the hearing itself. 42 C.F.R. § 405.1841(a). Therefore, the intermediary would not know whether a reopening on its part would conflict with a decision

8

EXHIBIT 2

ultimately made by the PRRB with respect to the same issue.
Finally, the plaintiff notes that the lack of authority to reopen
an NPR can help or hurt the provider.

III. <u>DEFENDANT'S RESPONSE AND CROSS MOTION FOR SUMMARY JUDGMENT</u>

The defendant responds that the decision of the PRRB was
a correct construction of the applicable regulations and should be
affirmed.    In rejecting the plaintiff's arguments, the PRRB
reasoned:

> The Board believes that the correct
> interpretation of these regulatory provisions
> is that an administrative body that makes the
> last determination or decision has the right
> to reopen its determination or decision for a
> 3-year period.    The Board notes that the
> intermediary makes its determination in the
> NPRs issued with regard to the cost report.
> Under the regulations, the intermediary has a
> 3-year period in which to reopen the cost
> report and revise its determination.
>
> Although the Board may have jurisdiction over
> specific issues and the cost report in general
> due to a proper appeal by provider, the
> intermediary is still the last administrative
> body under the regulation at 42 C.F.R. §
> 405.1885(c) to which the 3-year reopening
> provision applies. The Board notes that an
> intermediary cannot reopen any issues that
> have been appealed to the Board and for which
> the Board has issued a decision.    In such a
> case, the Board is the last administrative
> body, under 42 C.F.R. § 405.1885(c), to have
> rendered a decision on those issues precluding
> further action by the intermediary.
>
> * * * *
>
> The Board disagrees with the Providers'
> interpretation of the HCFA Pub. 15-1 [PM-I] §§
> 2930.1, 2931 and 2931.1, that would have an
> intermediary determination never be "final"

2

> where an appeal is made to the Board.  The
> Board views the use of the word final as
> indicating that if the provider does not
> appeal within 180 days there is no further
> appeal for the provider, other than a
> reopening, whereas, if the provider does
> appeal, the determinations of the intermediary
> are now subject to Board Review.
>
> . . . . The Board notes that any revised NPR
> resulting from a reopening determination can
> be appealed to the board.  In addition, the
> Board again notes that issues already decided
> upon by the Board could not be reopened.

(R:15-16)

The defendant points out that the effect of the
plaintiff's interpretation of the applicable regulations would be
to curtail the three-year period for reopening an NPR with the
filing of an appeal on any issue, however frivolous.  Such a result
would be contrary to public policy and inconsistent with the
applicable regulations, which permit an intermediary to reopen an
NPR within three years as long as it is the administrative body
that rendered the last determination or decision. 42 C.F.R. §
405.1885(c).  The defendant contends that the PRRB's acceptance of
an appeal is not a "decision" for purposes of this regulation,
since "decision" is elsewhere defined as final decision of the PRRB
on the merits.  See, 42 C.F.R. §§ 405.1869, 405.1871.

In response to the plaintiff's assertion that only a
"final" NPR can be reopened, the defendant points out that the
Medicare statutes and regulations provide that an NPR is, by
definition, a "final determination."   42 U.S.C. §1395oo(a); 42

10

00064

C.F.R. § 405.1801(a). The defendant acknowledges that 42 C.F.R. § 405.1807 provides that an intermediary determination is "final and binding" unless "a Board hearing is requested in accordance with § 405.1885 and a hearing decision rendered pursuant thereto." However, the defendant notes that § 405.1885 does not limit reopenings to NPR decisions that are final and binding. Moreover, the NPR in the instant case was "final and binding" under § 405.1807 because no hearing decision had been rendered by the PRRB at the time the NPR was reopened by the intermediary.

The defendant also concedes that PM-I § 2931.1A refers to the ability of an intermediary to reopen an NPR that is "otherwise final," and § 2930.1A states that an NPR is an "initial decision" which becomes "final and binding upon the expiration of 180 calendar days after the date of mailing of the notice, unless before that time the provider requests a hearing." However, the defendant interprets this provision as acknowledging that even if an NPR is reopened by the intermediary, the intermediary's decision is subject to reversal by the PRRB, in the ongoing appeal as well as in any appeal of a revised NPR. According to the defendant, any other construction would directly contradict the language of the regulations in 42 C.F.R. §§ 405.1801, 1807 and 1885.

The defendant asserts that if the PM-I provisions are construed in the manner suggested by the plaintiff, they are superseded by the regulations, which are legislative in nature and must control in any conflict with non-binding policy guidelines.

11

Shalala v. Guernsey Memorial Hospital, 514 U.S. 87, 99 (1995).
Moreover, the defendant is not estopped from changing a view that
is grounded upon a mistaken legal interpretation. Thomas Jefferson
University v. Shalala, 512 U.S. 504, 517 (1994).

Finally, the defendant points out that the plaintiff does
not contend that when it filed its original appeal of the NPR, it
had a reasonable expectation that the Intermediary would be
precluded from reopening the cost report. The plaintiff does not
challenge the merits of the overpayment determination, but argues
only that it was based on an improper reopening after a timely
appeal had been filed.

IV. RECOMMENDATIONS OF LAW

The parties agree that judicial review of the defendant's
Medicare reimbursement decisions is governed by the Administrative
Procedure Act.   42 U.S.C. § 1395oo(f)(1); 5 U.S.C. § 706; Thomas
Jefferson University v. Shalala, 512 U.S. at 512.   Pursuant to 5
U.S.C. § 706(2)(a), the decision of the defendant must be upheld
unless it is "arbitrary, capricious, an abuse of discretion, or
otherwise not in accordance with law."   The reviewing court must
accord substantial deference, to the interpretation of the agency
charged with administering a statute and its accompanying
regulations. Thomas Jefferson University, 512 U.S. at 512; Chevron
U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S.
837, 844 (1984).

12

EXHIBIT 2

Even where an agency's interpretation of statutes and regulations has differed over time, "the courts still sit in review of the administrative decision and should not approach the statutory construction issue *de novo* and without regard to the administrative understanding of the statutes. <u>Good Samaritan Hospital v. Shalala</u>, 508 U.S. 402, 418 (1993)(citations omitted). In the field of Medicare reimbursement, the agency's interpretation of Medicare regulations is entitled to deference amounting to "controlling weight," "unless an 'alternative reading is compelled by the regulation's plain language. . . .'" <u>Thomas Jefferson University</u>, 512 U.S. at 512.

Applying these principles to the case <u>sub judice</u>, the PRRB determination that the applicable regulations and policy guidelines authorized the Intermediary to reopen the cost report in question, despite the pending appeal of the initial NPR, is entitled to substantial deference. Additionally, the undersigned finds that the reasoning of the PRRB, as amplified in the defendant's response to the plaintiff's Motion for Summary Judgment, is persuasive.

The fatal flaw in the plaintiff's argument is that it requires this Court to construe the PRRB's acceptance of the plaintiff's appeal as a "decision," vesting the PRRB with exclusive power to reopen the NPR under 42 C.F.R. § 1885(c). Pursuant to 42 C.F.R. §1885(a), the Intermediary was entitled to reopen the NPR within three years from the notification of the Intermediary's

13

determination.   Even if the plaintiff is correct that only "final"
determinations may be reopened, the NPR in the instant case was
"final and binding" under 42 C.F.R. § 405.1807 because no hearing
decision had been rendered by the PRRB.    There is simply no
authority   for   construing   the   PRRB's   acceptance   of   the
plaintiff's appeal as a "determination or decision" for purposes of
§ 405.1885(c), or a "hearing decision" under § 405.1807.

     To the extent that the policy guidelines articulated in
PM-I are deemed to conflict with these regulations, the regulations
must control. <u>Shalala v. Guernsey Memorial Hospital</u>, 514 U.S. 87,
99 (1995).  The undersigned concludes that the PRRB's decision was
not arbitrary, capricious, an abuse of discretion, or otherwise not
in accordance with law.   Therefore, it is hereby

     ORDERED AND ADJUDGED that the plaintiff's Motion for
Summary Judgment is DENIED, and the defendant's Cross Motion for
Summary Judgment is GRANTED.

     DONE AND ORDERED at Fort Lauderdale, Florida this 26th
day of June, 2000.

                                   _____
                                   LURANA S. SNOW
                                   UNITED STATES MAGISTRATE JUDGE

Copies to:

Jon Neustadter, Esq.
William Hill, Esq. (P and Local Counsel for Neustadter)
AUSA Laurie Rucoba (D - FTL)

                              14

                            00068


EXHIBIT 2