UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UMDNJ - UNIVERSITY HOSPITAL
V.
MICHAEL O. LEAVITT

NO. 1:06-01200

VOLUME 1 OF 1

SECOND SUPPLEMENTAL

ADMINISTRATIVE RECORD

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UMDNJ – UNIVERSITY HOSPITAL )
)
        Plaintiff, )
)
)
)
)
vs. ) Case No. 1:06-CV-01200
)
)
MICHAEL O. LEAVITT, SECRETARY )
DEPARTMENT OF HEALTH AND )
HUMAN SERVICES, )
)
        Defendant. )

## SECOND SUPPLEMENTAL CERTIFICATION

    I, Jacqueline R. Vaughn, Attorney Advisor, Centers for Medicare and Medicaid Services, Department of Health and Human Services, under authority delegated by the Secretary, certify that the documents attached are true copies of documents furnished by the Provider Reimbursement Review Board (PRRB) and constitute the second supplemental administrative record in the above captioned case.

Date: July 3, 2007

                                    Jacqueline R. Vaughn

UMDNJ – University Hospital

PRRB Case Nos. 03-0262, 04-1461 and 05-0450

## SECOND SUPPLEMENTAL COURT TRANSCRIPT INDEX

|  | Page No(s) |
|---|---|
| **Documents Concerning Case No. 03-0262:** | |
| PRRB Letter, dated October 11, 2006, granting Provider's Request for Withdrawal of Appeal | 1 |
| Administrative Resolution, dated July 21, 2006 (without attachments) | 2-7 |
| **Documents Concerning Case No. 04-1461:** | |
| PRRB Letter, dated April 5, 2007, granting Provider's Request for Withdrawal of Appeal | 8 |
| Provider's Response, dated May 23, 2006, to Intermediary's Jurisdictional Challenge | 9-15 |
| **Document Concerning Case No. 05-0450** | |
| PRRB Letter, dated April 5, 2007, granting Provider's Request for Withdrawal of Appeal | 16 |



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

**CERTIFIED MAIL**

OCT 1 1 2006

Refer to: 03-0262

Reed Smith LLP
Steven B. Roosa
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540 7839

RE: UMDNJ - University Hospital
    Provider No. 31-0119
    FYE 6/30/2000

Dear Steven B. Roosa:

The Provider Reimbursement Review Board ("Board") is in receipt of your correspondence in which you request that the above-captioned appeal be withdrawn. Please refer to the Board's instructions which are located on the Board's web site at http://www.cms.gov/providers/prrb/prrb.asp regarding consequences of withdrawal and deadlines for reinstatement where appropriate. The Board hereby grants your request for withdrawal and closes the appeal.

Board Members:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

For the Board:

*Yvette C. Hayes*

Board Member

cc: Riverbend GBA
    Lorraine Rachmiel, Manager
    Provider Audit/Reimbursement Department
    20 Commerce Drive, Suite 115
    Cranford, NJ 07016

    Wilson C. Leong
    BC & BS Association
    225 North Michigan Avenue
    Chicago, IL 60601-7680

Certified Article Number
7160 3901 9849 5950 0655
SENDERS RECORD

1

**Withdrawal Agreement**

## BEFORE THE PROVIDER REIMBURSEMENT REVIEW BOARD

| | |
|---|---|
| UMDNJ – University Hospital<br>310119<br>v.<br><br>Riverbend Government Benefits Administrator, a Member of the Blue Cross and Blue Shield Association, an Association of Independent Blue Cross and Blue Shield Plans/Blue Cross and Blue Shield Association<br><br>Intermediary. | )<br>)<br>)  PRRB Case No. 03-0262<br>)  FYE 06/30/00<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FULL ADMINISTRATIVE RESOLUTION

The Intermediary and the Provider (the parties) in the above captioned appeal are entering into this administrative resolution for the purposes of setting forth the basis for resolving the issues that are pending before the Provider Reimbursement Review Board ("Board").

Based on a mutual review of the respective parties' position papers, other available documentation and authorities, and further discussions, the parties agree to resolve the case as follows:

TRANSFER OF ISSUES TO GROUP APPEAL

The Provider has notified the Board of its request to transfer the following issues to already established group appeals:

- DSH / SSI Percentage – Transferred to 05-0353G – Letter dated 6-22-05.

2

2

## WITHDRAWN ISSUES

The Provider has withdrawn the following issue(s) from this appeal:

- TEFRA Base Year – Letter dated 12-20-02
- Physician Compensation Issue (W/S A-8-2: Adults & Peds) – Letter dated 10-31-03 and Position Statement dated 4-30-04.

The Provider agrees that the following issues are withdrawn by signing this Full Administrative Resolution:

- Calculation of Allowable Organ Costs
- Temporary / Permanent Adjustment for Displaced Residents
- Per Resident Amount Calculation
- Wage Index – Average Hourly Wage
- Reclass of Physician Part C (Research) Expense
- Cost of kidney/liver transplants

## Issue 1: Disproportionate Share Hospital Adjustment Payment

Adjustment Number 64
Adjustment Amount 5.00%
Provider's Estimated Reimbursement Effect $662,470

As part of the audit process, the Intermediary adjusted the Provider's disproportionate share (DSH) adjustment payment by utilizing the most recent available data for Medicaid paid days only. It should be noted that the eligible days, as well as the charity care days, were not adjusted at the time of the initial NPR as the data was not available from the State departments. The result was an increase of $3,613,197 to the Provider's DSH payment.

The Intermediary and the Provider both agree that the Provider is a disproportionate share hospital and that both CMS Ruling 97-2 and Program Memorandum A-99-62 apply when calculating the Provider's DSH payment.

SEP-07-2006 09:47 FROM:BLUE CROSS BLSHLD    4102986879    TO:02885    P.4/19
Case 1:06-cv-01200-EGS   Document 25   Filed 07/10/2007   Page 7 of 19

3

The State of New Jersey, Division of Medical Assistance and Health Services, issued updated Medicaid eligibility data as well as the Department of Health and Human Services issued updated charity care data. As a result, the Intermediary was aware that an adjustment was warranted to the Provider's DSH calculation.

The Parties agree to resolve the issue. The Intermediary will modify adjustment number 64 by incorporating adjustment numbers R1-002 and R1-004. (Revised adjustments R1-002 and R1-004 are attached).

Issue 2: Revision of 1996 Base Year Cap – Application in FY 99 Cost Report

Adjustment Number 67 and 83
Adjustment Amount (28.21)
Provider's Estimated Reimbursement Effect $Unknown

The Intermediary adjusted the Provider's 1996 base period FTE count as a result of a reopening to the Medicare cost report period ending June 30, 1996. The Intermediary was aware that a change was required to all future period cost reports to reflect the change to the 1996 base period FTE count.

The Parties agree to resolve this issue. The Intermediary will modify adjustment numbers 67 and 83 by incorporating adjustment numbers R1-003 and R1-006 to increase the 1996 base period FTE count from 254.46 to 268.22. (Revised adjustment numbers R1-003 and R1-006 are attached).

### Issue 3: Revision of Current Year FTE Counts

Adjustment Number 67 and 83
Adjustment Amount (11.45)
Provider's Estimated Reimbursement Effect $Unknown

The Intermediary adjusted the Provider's current year FTE counts for both IME and GME as a result of their audit review utilizing various sources such as the IRIS diskette, rotation schedules, etc. The Provider appealed the adjustments and requested that additional FTE's be added for both allopathic and osteopathic as well as dental residents. The Intermediary reviewed the Provider's supporting documentation and has agreed to make minor changes to both the IME and GME FTE counts.

The Parties agree to resolve this issue. The Intermediary will modify adjustment numbers 67 and 83 by incorporating adjustment numbers R1-003 and R1-006 to increase the current year allopathic and osteopathic FTE count, as well as the dental and podiatry FTE count by adding .17 to allopathic and osteopathic and .50 to dental and podiatry. (Revised adjustment numbers R1-003 and R1-006 are attached).

### Issue 4: Calculation of the Current Year Resident-to-Bed Ratio for IME

Adjustment Numbers 2 & 3
Adjustment Amount 5 Beds; 1,825 Bed Days Available
Provider's Estimated Reimbursement Effect $975,000

As a result of the Intermediary's audit review, the Intermediary adjusted the Provider's maintained bed count by 5 beds based on the supporting documentation and tour of the facility. The Provider appealed the increase in the maintained bed count and with Intermediary review it was determined that the discrepancy was related to the D-Green Unit that appeared to have closed mid-January 2000. The Provider sent in supporting documentation to prove that this unit was de-staffed and being converted to other than a med/surg floor.

SEP-07-2006 09:49 FROM:BLUE CROSS BLSHLD   4102906879           TO:02885           P.6/19
Case 1:06-cv-01200-EGS   Document 25   Filed 07/10/2007   Page 9 of 19

5

The Parties agree to resolve this issue. The Intermediary will modify adjustment numbers 2 and 3 by incorporating adjustment number R1-001 to decrease both the maintained bed count and the associated bed days available to recognize the permanent closure of the D-Green Unit. (Revised adjustment number R1-001 is attached).

Issue 4 - Clinical Education Programs – Board letter dated 5-2-06

The Board considered the positions of the parties and found that it does not have jurisdiction over the Clinical Education Programs issue because the Provider failed to request reimbursement for all costs to which it was entitled.

This administrative resolution is in accordance with CMS Pub. 15-2, Section 1102.3 and 42 CFR 413.20 and 413.24. These are the only issues remaining in the appeal.

The Provider's signature serves as the Provider's request to withdraw this case from appeal. PRRB procedures and instructions for case reinstatement can be accessed at http://www.cms.hhs.gov/PRRBreview.

The Intermediary will issue a revised Notice of Program Reimbursement to implement this administrative resolution within 120 days of the date the Intermediary receives a fully signed administrative resolution.

6

_____  _____
Steven Roosa, Esq.        Linda D. Uzzle
Reed Smith                Blue Cross and Blue Shield Association

7/20/06                   7/25/06
Date                      Date

                          _____
                          Lorraine Rachmlel
                          Riverbend Government Benefits Administrator

                          7-21-06
                          Date



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671     FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

APR 05 2007

## CERTIFIED MAIL

Refer to: 04-1461

Reed Smith LLP
Steven B. Roosa
Princeton Forrestal Village
136 Main Street - Suite 250
P.O. Box 7839
Princeton, NJ 08543 7839

RE: UMDNJ - University Hospital
    Provider No. 31-0119
    FYE 6/30/2001

Dear Steven B. Roosa:

The Provider Reimbursement Review Board ("Board") is in receipt of your correspondence in which you request that the above-captioned appeal be withdrawn. Please refer to the Board's instructions which are located on the Board's web site at:
http://www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp regarding consequences of withdrawal and deadlines for reinstatement where appropriate. The Board hereby grants your request for withdrawal and closes the appeal.

Board Members:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

For the Board:

*Yvette C. Hayes*

Board Member

cc:  Riverbend GBA
     Lorraine Rachmiel, Manager
     Provider Audit/Reimbursement Department
     20 Commerce Drive, Suite 115
     Cranford, NJ 07016

     Wilson C. Leong
     BC & BS Association
     225 North Michigan Avenue
     Chicago, IL 60601-7680

8

# ReedSmith

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

Steven B. Roosa
Direct Phone: 609.514.5983
Email: sroosa@reedsmith.com

May 23, 2006

**VIA OVERNIGHT MAIL**

Mr. Steven R. Kirsh, Director
Jurisdiction and Case Management Staff
Provider Reimbursement Review Board
2520 Lord Baltimore Drive-Suite L
Baltimore, Maryland 21244-2670

RECEIVED

MAY 25 2006

PROVIDER REIMBURSEMENT
REVIEW BOARD

    Re:    **Jurisdictional Challenge**
             **Provider Name: UMDNJ – University Hospital**
             **Provider Number: 31-0119**
             **FYE: June 30, 2001**
             **PRRB Case Number: 04-1461**

Dear Mr. Kirsh:

    We represent UMDNJ – University Hospital (the "Provider") is the above-referenced matter. Enclosed is the Provider's Response to the Intermediary's Jurisdictional Challenge. Also, this letter will serve as a certification that all critical due dates have been met by the Provider and that a full and complete copy of the Provider's Response to the Intermediary's Jurisdictional Challenge has been timely served on the Intermediary. Thank you.

Very truly yours,

Steven B. Roosa

MCP

enclosure
cc:    Lorraine Rachmiel (via overnight mail w/ enclosure)

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
PROVIDER REIMBURSEMENT REVIEW BOARD

| | |
|---|---|
| UMDNJ – University Hospital : <br> : <br> Provider (Provider No.: 31-0119) : <br> : <br> v. : <br> : <br> Riverbend Government : <br> Benefits Administrator, : <br> : <br> Intermediary. : | PRRB Case No.: 04-1461 <br> FYE: June 30, 2001 |

### Provider's Response to the Intermediary's Jurisdictional Challenge

By correspondence dated April 27, 2006, the fiscal intermediary, Riverbend Government Benefits Administrator (the "Intermediary") challenged the jurisdiction of the Provider Reimbursement Review Board (the "PRRB") to hear the issue of whether Medicare should reimburse UMDNJ - University Hospital (the "Provider") for costs related to the School of Nursing, School of Health Professions, and School of Biomedical Sciences (the "Clinical Education Programs Issue"). Based on all of the foregoing, the PRRB should either deny the Intermediary's jurisdictional motion outright, or deny it without prejudice, under <u>Bethesda v. Bowen</u>, pending a statement from the Intermediary that the costs at issue would have been allowable, had they been claimed by the Provider.

### Background

The Provider submitted to the Intermediary its Medicare cost report for cost reporting period July 1, 2000 to June 30, 2001, in accordance with the reimbursement policies of the Centers for Medicare and Medicaid Services ("CMS"), and did not claim costs related to the

School of Nursing, School of Health Professions, and School of Biomedical Sciences. On September 29, 2003, the Intermediary issued the Notice of Program Reimbursement ("NPR") for fiscal year end June 30, 2001. On March 23, 2004, the Provider filed an appeal and subsequently added the Clinical Programs Education Issue on August 25, 2005. The Intermediary responded by filing a jurisdictional challenge, claiming that the nursing school costs were not claimed on the original cost report filing.

## Argument

I. **The Intermediary's Jurisdictional Challenge Does Not Meet The Standard Set Forth By The United States Supreme Court in Bethesda v. Bowen.**

The Intermediary argues, in its brief, that the Provider's appeal "should be dismissed because the final Intermediary determination reflected in its NPR of September 29, 2003 from which the Provider appeals, made no adjustments related to the School of Nursing, School of Health Related Professions, or School of Biomedical Sciences costs."[1] The Intermediary concludes, based solely on the lack of audit adjustments on these issues, that the PRRB has no jurisdiction.

The mere absence of audit adjustments, standing alone, is an insufficient basis upon which the PRRB can conclude that there is no jurisdiction. What the Intermediary must also argue, in accordance with the PRRB's interpretation of Bethesda v. Bowen—and has not—is that the Provider was "entitled under the applicable rules" to have the costs reimbursed. Bethesda v. Bowen, 485 U.S. 399, 405 (1988). In Bethesda v. Bowen, the Supreme Court held that the only instance in which a Provider's failure to appeal an issue might conceivably lead to a

---

[1] Intermediary's Jurisdictional Brief at 3-4.

jurisdictional bar was when the Provider, entitled to the reimbursement, could have included the issue on the cost report, as of right. Id.

The Intermediary has not even made an allegation in this matter that the Provider was entitled to the reimbursement, much less an evidentiary showing. Furthermore, neither prior nor subsequent cost report years offer any guidance: the Provider has not, for any cost report year, been reimbursed by Medicare for the costs associated with the School of Nursing, School of Health Related Professions, or School of Biomedical Sciences. Based on the foregoing, the Intermediary's jurisdictional motion should, at the very least, be denied without prejudice pending a statement from the Intermediary that the costs would have been allowable, had they been claimed.

II.     **Even Assuming, For the Sake of Argument, That The Intermediary Demonstrates That The Provider Was Entitled To Claim The Costs, The Holding in Bethesda v. Bowen Does Not Foreclose the Provider's Appeal. The Medicare Statute Requires That The Case Be Heard.**

The jurisdictional requirements for any provider appeal, according to the Medicare statute, are (i) dissatisfaction on the part of the provider with the intermediary's final determination, (ii) an amount in controversy in excess of $10,000, and (iii) a request for a hearing made by the provider within 180 days after the provider receives notice of the intermediary's final determination:

> § 1395oo Provider Reimbursement Review Board
>
> (a) Establishment
> Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report . . . if—
>
> (1) such provider—

> (A)(i) is dissatisfied with a final determination of the organization serving as its fiscal intermediary pursuant to section 1395h of this title as to the amount of total program reimbursement due the provider for the items and services furnished to individuals for which payment may be made under this subchapter for the period covered by such report, . . .
>
> * * *
>
> (2) the amount in controversy is $10,000 or more, and
>
> (3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination under paragraph (1)(A)(i) . . . .[2]

In this case, the Provider has satisfied each requirement. First, as to the 180-day time period, the Intermediary issued its NPR for fiscal year 2001 on September 29, 2003. The Provider appealed that NPR within 180 days on March 23, 2004. Second, there is also no dispute that each issue in the foregoing appeal exceeded $10,000 in value.

Third, the Provider also meets the requirement that it was "dissatisfied" with the total amount of reimbursement set forth in its NPR. Although the Provider did not affirmatively claim costs related to the School of Nursing, School of Health Related Professions, or School of Biomedical Sciences on its 2001 Medicare cost report, it registered its dissatisfaction as part of this timely filed appeal.

There is no requirement that the costs associated with the School of Nursing, School of Health Related Professions, or School of Biomedical Sciences be specifically claimed on the cost report in order to be the subject of an appeal. The PRRB has "the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report ... *even though such matters were not considered by the intermediary in making such final determinations.*" 42 U.S.C. § 1395oo(d) (emphasis added). Even if the PRRB finds that this case does not fit into the contours covered

---

[2] 42 U.S.C.A. § 1395oo.

-4-

**13**

by the holding in Bethesda, the plain language of the statute nonetheless requires the PRRB to take jurisdiction. This issue is "covered by such cost report" in that the DSH adjustment relates to the fiscal year for which the subject cost report was filed, and thus the PRRB should consider the issue even though it was not considered by the intermediary.

The court in Saint Mary of Nazareth Hosp. v. Dep't of Health and Human Serv., 698 F.2d 1337, 1346 (7th Cir. 1983), cert. denied sub nom. St. James Hosp. v. Heckler, 464 U.S. 830 (1983), found that this section "vests broad authority in the Provider Reimbursement Review Board to review the finding of the fiscal intermediary." Based solely on this provision, the court held that the PRRB had jurisdiction to consider whether costs of providing Medicare patients with bedside telephones were reimbursable expenses even though the hospital had self-disallowed such costs on its cost report. Id. The statute likewise requires the PRRB to take jurisdiction here.

Subsequent panels of the Seventh Circuit have read dicta in Bethesda as meaning that the PRRB does not have jurisdiction when the provider fails to request an audit adjustment *unless* the Provider is challenging HCFA's policy, without even discussing the holding in Saint Mary. See Little Co. of Mary Hosp. and Health Care Ctr. v. Shalala, 165 F.3d 1162, 1165 (7th Cir. 1999); Little Co. of Mary Hosp. and Health Care Ctr. v. Shalala, 24 F.3d 984, 992-93 (7th Cir. 1994). The Bethesda Court, however, merely stated that it was not presented with circumstances of "providers who bypass a clearly prescribed exhaustion requirement or who fail to request from the intermediary reimbursement for all costs to which they are entitled under applicable rules." Bethesda, 485 U.S. at 405. The Bethesda decision was specifically issued to resolve a split in the circuits, Id. at 402-03 & n.1, with the Saint Mary decision standing on the winning side of that split. Thus, the Court implicitly approved of the holding in Saint Mary.

-5-

**14**

The First Circuit has also held that the PRRB always has discretion to exercise jurisdiction to consider unclaimed costs, based on this statutory provision. See <u>MaineGeneral Med. Ctr. v. Shalala</u>, 205 F.3d 493, 500-01 (1st Cir., 2000). In the least, the PRRB should exercise that discretion to address this important issue on appeal that has not been claimed by the Provider in any prior cost report year and not yet allowed for any prior or subsequent year.

## Conclusion

Based on all of the foregoing, the PRRB should either deny the Intermediary's jurisdictional motion outright, or deny it without prejudice, pending a statement from the Intermediary that the costs at issue would have been allowable, had they been claimed by the Provider.



**DEPARTMENT OF HEALTH AND HUMAN SERVICES
PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671            FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

APR 0 5 2007

## CERTIFIED MAIL

Refer to: 05-0450

Reed Smith LLP
Steven B. Roosa
Princeton Forrestal Village
136 Main Street - Suite 250
P.O. Box 7839
Princeton, NJ 08543 7839

RE: UMDNJ - University Hospital
    Provider No. 31-0119
    FYE 6/30/2002

Dear Steven B. Roosa:

The Provider Reimbursement Review Board ("Board") is in receipt of your correspondence in which you request that the above-captioned appeal be withdrawn. Please refer to the Board's instructions which are located on the Board's web site at:
http://www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp regarding consequences of withdrawal and deadlines for reinstatement where appropriate. The Board hereby grants your request for withdrawal and closes the appeal.

Board Members:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

For the Board:

*Yvette C. Hayes*

Board Member

cc: Riverbend GBA
    Lorraine Rachmiel, Manager
    Provider Audit/Reimbursement Department
    20 Commerce Drive, Suite 115
    Cranford, NJ 07016

    Wilson C. Leong
    BC & BS Association
    225 North Michigan Avenue
    Chicago, IL 60601-7680

16