UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UMDNJ – UNIVERSITY HOSPITAL : | |
| : | |
| Plaintiff, : | |
| v. : | Case No.  1:06-cv-01200-EGS |
| MICHAEL O. LEAVITT, Secretary of the : | |
| United States Department of Health and : | |
| Human Services : | |
| : | |
| Defendant. : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
MOTION FOR SUMMARY JUDGMENT AND REPLY TO OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

ARGUMENT .................................................................................................................. 2

    I.    The Court Has Jurisdiction Over the 2002 Cost Report Year. ................... 2

        A.    The Hospital Filed Its Complaint Within 60 Days Of The Provider Reimbursement Review Board's Decision Denying Jurisdiction... 2

        B.    The Hospital Has Satisfied The Pleading Requirements Of The Medicare Statute, Which Only Requires The Commencement Of Civil   Action Within 60 Days, Nothing More ................................ 5

    II.    The Secretary's Argument Regarding Exhaustion Of Remedies Is Contrary  To The Unambiguous Provisions Of The Medicare Statute ....... 6

    III.    The Secretary's Analysis Of The Decision In *Bethesda* Is Incomplete and Incorrect. .............................................................................................. 9

    IV.    The *HCA Health Services of Oklahoma, Inc. v. Shalala* Line of Cases Does Not Support The Secretary's Proposition That PRRB    Jurisdiction Is Acquired Issue-By-Issue.  Rather, The Decision    Distinguishes Between Appeals Predicated Upon Revised NPR's And    Appeals Predicated Upon Original NPR's .............................................................. 11

    V.    The Secretary's Remaining Arguments Are Without Merit. ..................... 14

        A.    The Litany Of Other Decisions Cited  By the Secretary Is Inapposite. ..................................................................................... 14

        B.    The Secretary's Arguments Regarding Futility Are Both Irrelevant And Factually Unsupported. ........................................................ 16

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

**CASES** ..........................................................................................................**Page(s)**

*Athens Community Hospital, Inc. v. Schweiker*, 743 F.2d 1 (D.C. Cir. 1984) ................................ 9

*Bethesda Hospital Assoc. v. Bowen*, 485 U.S. 399 (1988) ....................................................... passim

*CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217 (11th Cir. 2001) ...................................6, 16

*Chevron U.S.A., Inc., v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) ..........6, 16

*French Hospital Medical Center v. Shalala*, 89 F.3d 1411 (9th Cir. 1996) ................................11, 12

*HCA Health Services of Oklahoma, Inc. v. Shalala*, 27 F.3d 614 (D.C. Cir. 1994)................ passim

*Little Co. of Mary Hosp. v. Shalala*, 165 F.3d 1162 (7th Cir. 1999) ................................................ 16

*Main General Med. Ctr. v. Shalala*, 205 F.3d 493 (1st Cir. 2000).................................................. 16

*Memorial Hosp. v. Sullivan*, 779 F. Supp. 1406 (D.D.C. 1991)...................................................... 15

**STATUTES**

42 U.S.C. § 405(h) ............................................................................................................................ 7

42 U.S.C. § 1302 ............................................................................................................................ 14

42 U.S.C. § 1395hh ........................................................................................................................ 14

42 U.S.C. § 1395oo ....................................................................................................................5, 14

42 U.S.C. § 1395oo(a)..........................................................................................................1, 2, 11,15, 16

42 U.S.C. § 1395oo(a)(1)(A)(i).................................................................................................... 7, 8

42 U.S.C. §1395oo(f)(1) ............................................................................................................. 3, 4

42 U.S.C. §1395oo(d) ..............................................................................................9, 10, 11, 15, 16

**RULES**

Fed. R. Civ. P. 15(c)(2) .................................................................................................................... 5

**REGULATIONS**

42 C.F.R. § 405.1801(a)(2) ............................................................................................................ 12

42 C.F.R. § 405.1803(a)(2) .........................................................................................................8, 12

42 C.F.R. § 405.1885(a)...........................................................................................................12, 13, 14

Plaintiff UMDNJ-University Hospital (hereinafter "Plaintiff" or "the Hospital"), by counsel, submits the following in Opposition to the Defendant's Motion to Dismiss and Motion for Summary Judgment, and in further support of Plaintiff's Motion for Summary Judgment.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The only issue in this litigation (leaving aside the Secretary's arguments that are specific to the 2002 year) is whether the requirement, found at 42 U.S.C. § 1395oo(a), that a hospital be "dissatisfied" with an intermediary's determination in order to have a jurisdictionally valid appeal, means that the hospital, in order to claim reimbursement for a specific cost before the PRRB, must have first claimed that cost before the intermediary in the hospital's year-end cost report. Put in other words, it is an argument over whether the concept of "exhaustion of remedies," at the level of the intermediary, is required by the Medicare statute.

The various issues raised by the Secretary of Health and Human Services ("the Secretary") in his Opposition and Motion to Dismiss and for Summary Judgment are all driven by this underlying legal issue. The Secretary seems to take for granted that the issue is essentially disposed of by the Supreme Court's decision in *Bethesda v. Bowen*, 485 U.S. 399 (1988). In that case, the Supreme Court analyzed the issue of whether a hospital, which challenged one of the Secretary's regulations, must first challenge that regulation before the intermediary in the hospital's year-end cost report in order for the PRRB to have jurisdiction over the hospital's claim. The Supreme Court held that the hospital did not have to first present its challenge of the regulation to the intermediary in order for the PRRB to have jurisdiction. *Bethesda*, however, did not decide the issue of

whether claims not involving a challenge to the Secretary's regulations must first be brought before the intermediary in order for PRRB jurisdiction to attach.  The Supreme Court in *Bethesda* even went so far, in dicta, to suggest that a hospital challenging a regulation (a challenge which an intermediary is not authorized to rule upon) "might" stand in a different legal position than the hospital appealing a cost that does not involve any kind of regulatory challenge, i.e. a cost for which the intermediary could have theoretically allowed reimbursement, had it been presented in the cost report.

Because the core issue involves an issue of statutory construction, it is necessary to analyze the language of the Medicare statute itself.  As set out below, (i) the PRRB, under 42 U.S.C. § 1395oo(a), gains jurisdiction over entire cost reports, not individual cost items, and (ii) once the PRRB acquires jurisdiction pursuant to subsection 1395oo(a), the PRRB is empowered to review all cost items incurred by the hospital during the cost report period, including ones that were not claimed on the hospital's cost report.  This language, considered along with the Supreme Court's reasoning in *Bethesda*, leads to the conclusion that the PRRB has jurisdiction over all costs incurred during the cost report period, regardless of whether they were claimed on the cost report and regardless of whether they involve a challenge to a regulation.

## ARGUMENT

I.   **The Court Has Jurisdiction Over the 2002 Cost Report Year.**

The Secretary first argues that the Court lacks subject matter jurisdiction for the 2002 cost report year.  This is simply incorrect.

    A.   **The Hospital Filed Its Complaint Within 60 Days Of The Provider Reimbursement Review Board's Decision Denying Jurisdiction.**

The Secretary argues that the Court lacks jurisdiction over the 2002 cost report year because a complaint was not filed for that year within 60 days of the decision by the Provider Reimbursement Review Board's ("PRRB") as required by the Medicare statute under 42 U.S.C. §1395oo(f)(1).  *See* Secretary's Brief ("Sec. Br.") at 12, ¶ 3.  The Secretary is incorrect.

The PRRB issued its decision denying jurisdiction, according to the Secretary's own brief, on June 5, 2006.  *See* Sec. Br. at 9.  The Hospital proceeded to file its complaint (the "Original Complaint") 24 days later, on June 29, 2006, well within the 60-day statutory time frame.  The Secretary, in his argument, neglects to mention that the first paragraph of the Original Complaint states: "The instant action involves an issue as to whether or not the decision by the [PRRB] to decline jurisdiction in a particular Medicare matter was incorrect.  The underlying issue relates to the Hospital's Medicare reimbursement for fiscal years 1999, 2000, 2001, **2002**, and 2003."  *See* Original Complaint at ¶1 (emphasis added).  Thus, a complaint addressing the 2002 year was timely filed, within the 60-day window, and the Court has jurisdiction under 42 U.S.C. §1395oo(f)(1).

The Secretary argues that the Hospital allegedly failed, as a technical matter, to properly word its *ad damnum* paragraph so as to reference the 2002 cost report year.  *See, e.g.,* Defendant's Statement of Material Facts as to Which There is No Genuine Issue at ¶ 21.  The Secretary is incorrect on this point as well.  The *ad damnum* paragraph in the Original Complaint does, in fact, claim relief for the 2002 cost report year.  The *ad damnum* clause contains five discrete subsections, at least four of which broadly encompass all of the years referenced in the complaint, including 2002.  For example,

- 3 -

subsection (1)(b) of the paragraph, without delimiting itself in terms of years, asks the Court to rule that "the PRRB's decision to deny jurisdiction over the Clinical Medical Education Programs Issue was in error." Still another subsection asks the Court, in a blanket fashion, to enter an order "remanding the matter to the PRRB for a determination on the Clinical Medical Education Program's issue." *See* subsection (1)(c). Finally, the last section, also without any delimitation in terms of years, asks the Court to award "such other relief as this Court deems just and appropriate." *Id.* Thus, as a threshold matter, the *ad damnum* clause repeatedly captures the 2002 year and is not technically defective.

Even assuming, arguendo, that the *ad damnum* clause did not address the 2002 cost report year, the fact that the year was nevertheless identified in the first paragraph of the Original Complaint as being the subject of the Hospital's civil action, as noted above, satisfies the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Indeed, the Secretary implicitly acknowledges that the 2002 year is part of this civil action in his Answer to the Original Complaint ("Sec. Ans."): in response to paragraph one which specifically identified the 2002 year, he states that this paragraph in the Original Complaint is "Plaintiff's characterization of this action. . . ." The Secretary cannot now be heard to complain that he was bereft of notice that 2002 was part of the Hospital's Original Complaint when he acknowledges that the very paragraph in which it is mentioned is a "characterization of the action."[1]

---

[1] The Secretary further acknowledges that the 2002 cost report year is part of this action in its response to paragraph 20 of the Original Complaint. That paragraph states that the "PRRB has denied jurisdiction for the issue [for] fiscal years 1999, 2002, and 2003. . . ." The Secretary responds, in his Answer, with specific information regarding the 2002 cost report year. *See* Sec. Ans. at 8, ¶20 (stating that the PRRB "issued a decision dated June 5, 2006, pertaining to the Plaintiff's fiscal year ending June 30, 2002. The Secretary

- 4 -

      **B.**    **The Hospital Has Satisfied The Pleading Requirements Of The Medicare Statute, Which Only Requires The Commencement Of Civil Action Within 60 Days, Nothing More.**

The Medicare statute states that "Providers shall have the right to obtain judicial review of any final decision of the Board or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board . . . is received." 42 U.S.C. § 1395oo. The Hospital's Original Complaint, which specifically identifies the 2002 cost report year as the subject of the civil action in paragraph one, satisfies the statutory requirement as having "commenced" a "civil action." The Secretary's arguments regarding the 2002 year must therefore be rejected.

The Secretary mentions in his argument that that the Amended Complaint, with its *ad damnum* clause covering, in generic fashion, the years covered by the complaint, would cure the supposed technical defect, but for the fact that it was filed more than 60 days after the PRRB's final decision. The Secretary is incorrect about this too. An amended pleading "relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." Fed. R. Civ. P. 15(c)(2). In the present matter, there is no doubt that the 2002 cost report year and the PRRB's decision to deny jurisdiction over the medical education issue for that cost report year constituted "conduct, [a] transaction, or [an] occurrence set forth or attempted to be set forth in the original pleading." Indeed, as noted above, the 2002 cost report year was specifically referenced in paragraph one of the Original Complaint.

---

respectfully refers the Court to the full text of the PRRB's June 5, 2006, decision (copy attached as Exhibit A), which is the best evidence of its contents, for a full and accurate statement of its contents.").

Furthermore, the fact that the PRRB denied jurisdiction was also specifically referenced in paragraph 20 of the Original Complaint.  It follows that the Amended Complaint in this matter "relates back" to the date of the Original Complaint, and is therefore jurisdictionally sound for this reason as well.

## II.     The Secretary's Argument Regarding Exhaustion Of Remedies Is Contrary To The Unambiguous Provisions Of The Medicare Statute.

In the present matter, the Secretary suggests that the Medicare statute provides for an "exhaustion of administrative remedies requirement" for appeals before the PRRB, *i.e.* in order for the PRRB to have "jurisdiction" over a particular reimbursement issue, the hospital must have first sought reimbursement for that issue from the hospital's fiscal intermediary.  *See* Sec. Br. at 24. The Secretary asks the Court to accept his interpretation of the statute based on the deference accorded to administrative agencies.  *Id.*

The Secretary's analysis, however, is out of sequence.  The first step in statutory construction is *not* the invocation of deference.  Instead, the first step is determining whether Congress "has directly spoken to the precise question at issue."  *See Chevron U.S.A., Inc., v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984).  If Congress has spoken clearly, the analysis is at an end and the statute must be enforced according to its terms.  Deference is never reached, in these circumstances, because courts "must give effect to the unambiguously expressed intent of Congress."  *Id.* at 842-843.  "[W]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete."  *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001)(internal citations omitted).  The Court "must presume that Congress said what it meant and meant what it said."  *Id.*

In context of the Medicare statute, Congress knows how to impose an "exhaustion of administrative remedies" requirement with great precision and effect when it is inclined to do so. Indeed, Congress has imposed a statutory requirement that judicial review in the federal court system be limited to those disputes that have come to the courts through the PRRB or the Centers for Medicare and Medicaid Services ("CMS"). *See* 42 U.S.C. § 405(h). The dispute over PRRB jurisdiction *sub judice* is subject to judicial review solely because it arises from a final decision of the PRRB. *Id.* Thus, "exhaustion of administrative remedies" is a *statutory* defense that is readily available to the Secretary when the hospital has not first gone to the PRRB and the Secretary finds himself in *court*.

There is positively no analogous exhaustion requirement found in the Medicare statute, however, for disputes before the PRRB. The Secretary's lengthy exposition to the contrary ultimately boils down to a single argument. The Secretary contends that the specific criterion for jurisdiction before the PRRB, found in 42 U.S.C. § 1395oo(a)(1)(A)(i), that the provider must be "dissatisfied with a final determination of . . . its fiscal intermediary . . . as to the amount of total program reimbursement due the provider . . . for the period covered by such cost report" actually means *the provider must, before filing an appeal with the PRRB, claim each and every cost on its cost report, for the specific issues sought to be appealed, in order to have a valid appeal before the PRRB.* The Secretary implicitly concedes that the statute does not say exactly what he would like it to say. Instead, the Secretary asks for deference. The problem with that approach, however, is that the statute is clear and, pursuant to the holding in *Chevron*, deference is never reached.

- 7 -

For purposes of filing a PRRB appeal, the Medicare statute requires "dissatisfaction" with respect to the "final determination" of the "amount of *total* program reimbursement." 42 U.S.C. § 1395oo(a)(1)(A)(i). Not only is the statute worded so as to refer to a predicate for appeal that is unitary in nature, but it also coincides with the Secretary's definition of what constitutes the year-end, omnibus "notice of amount of program reimbursement" or "NPR" issued by the intermediary to the hospital. The phrase "determination of the total amount of payments" is the Secretary's definition of "NPR." *See* 42 C.F.R. § 405.1803(a)(2). Under the unambiguous language in the Medicare statute, the PRRB acquires jurisdiction over entire NPR's, one at a time, not one issue at a time.

The Secretary, undeterred, simply rejects the statutory language on a wholesale basis, arguing that jurisdiction is acquired by the PRRB on a piecemeal basis, issue-by-issue: "Board jurisdiction must be assessed *separately for each discrete element* of the total amount of reimbursement appealed by the provider." *See* Sec. Br. at 25 (emphasis added). Another example: "[W]hether PRRB jurisdiction obtains *over a specific issue* clearly depends on the precise circumstances *of the particular issue* being appealed." *Id.* (emphasis added). The fact of the matter is that the statute is clear on its face and could never admit to the Secretary's interpretation. The Secretary's argument for piecemeal jurisdiction of issues is obliterated by the reasoning in *HCA Health Services of Oklahoma, Inc., v. Shalala*, 27 F.3d 614, 617 (D.C. Cir. 1994) ("Of course, after an intermediary issues an NPR, it is fairly straightforward to conclude that the NPR is the intermediary's 'final determination . . as to the amount of total reimbursement.'") (hereinafter the decision is simply referred to as "*HCA Health Services*"). In a case in

- 8 -

which a hospital files an appeal with respect to its original NPR or NPR's (as is the case with the Hospital in the present matter), the PRRB acquires jurisdiction over the entire cost report and the entire NPR. *Id.*

Once the PRRB has jurisdiction over an NPR, the statutory provision to which the Secretary refers as the "scope of review" provision, 42 U.S.C. §1395oo(d), empowers the PRRB to examine any issue or cost "even though such matters *were not considered by the intermediary*. . ." 42 U.S.C. §1395oo(d). This statutory provision is also clear and unambiguous on its face and further demonstrates that the Secretary's supposed "exhaustion of administrative remedies" requirement, at the level of the PRRB, is in direct conflict with the power and authority afforded the PRRB under the Medicare statute.

**III.   The Secretary's Analysis Of The Decision In *Bethesda* Is Incomplete and Incorrect.**

Contrary to what the Secretary suggests in his brief, the Hospital has not argued that it finds itself in the same situation as the plaintiff hospital in *Bethesda Hospital Assoc. v. Bowen*, 485 U.S. 399 (1988). The plaintiff hospital in *Bethesda* challenged a regulation. The Hospital in the present matter does not. The Secretary's mischaracterization of the Hospital's position in this regard is a strawman argument, a convenient distraction from the main thrust of the Hospital's position.

*Bethesda* is compelling in the present matter, not because of the content of its narrow holding, but rather because of the statutory analysis that the Court used to decide the case. Certain prior decisions made compound errors when analyzing the PRRB's jurisdiction. For example, the court in *Athens Community Hospital, Inc. v. Schweiker*, 743 F.2d 1 (D.C. Cir. 1984), had held that "[t]he PRRB's jurisdiction. . . is set out in

section 1395oo(d) . . ." *Id.* at 3. The Supreme Court's decision in *Bethesda* revealed such an interpretation to be incorrect. In *Bethesda*, the Supreme Court found that subsection (a) of the statute, not subsection (d), delineated the scope of the Board's jurisdiction. *See Bethesda*, 485 U.S. at 403, 406.

With respect to subsection 1395oo(d), the court in *Athens Community Hospital* found that the only costs that could be considered by the PRRB in its review are "costs that are specifically claimed . . ." 743 F.2d at 3. The Supreme Court found this kind of analysis flawed as well, holding that the PRRB, under subsection 1395oo(d), has jurisdiction to "review and revise a cost report with respect to matters *not contested* before the fiscal intermediary." *Bethesda,* 485 U.S. at 406 (emphasis added). The Supreme Court found the language "covered by such cost report" to mean "a cost or expense that was incurred within the period for which the cost report was filed, even if such cost or expense was not expressly claimed." *Id.*

The Supreme Court's interpretation of the Medicare statute in *Bethesda* necessarily forecloses any future reliance by courts on subsection 1395oo(d) as grounds for disallowing PRRB jurisdiction for costs not contested or claimed by the hospital with the intermediary. The Supreme Court, as noted above, expressly stated that subsection 1395oo(d) empowers the PRRB "to review and revise a cost report with respect to matters not contested before the fiscal intermediary." 485 U.S. at 406.

The pre-Bethesda decisions had no problem denying PRRB jurisdiction for unclaimed costs, in large part, based on subsection 1395oo(d). With that subsection now taken off the table by the Supreme Court in *Bethesda*, the only ground upon which the Secretary can base his phantom "exhaustion requirement" is the phrase in subsection

- 10 -

1395oo(a), stating that a provider filing a PRRB appeal must be "dissatisfied with a final determination of . . . its fiscal intermediary . . . as to the amount of total program reimbursement due the provider . . . for the period covered by such [cost] report. . . ." 42 U.S.C. § 1395oo(a).  As discussed at length above, there is simply no way to interpret the statutory language as requiring the hospital to first claim all individual cost items before the intermediary in order to preserve them for appeal.  First of all, the statute simply contains no such verbiage.  Second, the statutory language clearly contemplates an appeal from the year-end NPR issued to the hospital, i.e. the "final determination . . . as to the amount of *total* program reimbursement . . ." (emphasis added), and not the individual cost elements as urged by the Secretary.

It is the reasoning of *Bethesda*, outlined above, that requires a favorable ruling for the Hospital in this matter, notwithstanding the fact that the plaintiff hospital in Bethesda challenged an agency regulation and the Hospital does not.

**IV.   The *HCA Health Services of Oklahoma, Inc. v. Shalala* Line of Cases Does Not Support The Secretary's Proposition That PRRB Jurisdiction Is Acquired Issue-By-Issue.  Rather, The Decision Distinguishes Between Appeals Predicated Upon Revised NPR's And Appeals Predicated Upon Original NPR's.**

In response to the Hospital's argument that the PRRB acquires jurisdiction over whole NPR's as opposed to individual reimbursement items, the Secretary points to the decisions in *HCA Health Services of Oklahoma, Inc. v. Shalala*, 27 F.3d 614 (D.C. Cir. 1994) (hereinafter referred to as "*HCA Health Services*") and *French Hospital Medical Center v. Shalala*, 89 F.3d 1411 (9th Cir. 1996) as supporting the opposite notion.  The Secretary argues that, for purposes of PRRB appeals, every final determination is "really comprised of a number of individual determinations."  *See* Sec. Br. at 25.

- 11 -

The Secretary either profoundly misapprehends the holdings in *HCA Health Services* and *French Hospital Medical Center* or has deliberately attempted to mischaracterize them in his brief. Unlike the PRRB appeals in the present matter, the PRRB appeals in *HCA Health Services* and *French Hospital Medical Center* were predicated upon *revised* NPR's that were the result of a "reopening." *See HCA Health Services*, 27 F.3d at 618-619; *French Hospital Medical Center*, 89 F.3d at 416-419. These cases did not involve an *original* NPR that resulted from the submission of a year-end cost report by the hospital. *Id.* According to the courts in both cases, there is a chasm of distinction separating the two kinds of appeals. *Id.* The bottom line is that the PRRB Appeals based upon revised NPR's are circumscribed in scope while Appeals based upon original NPR's not circumscribed. *Id.*[2]

By way of background, an original NPR or "final determination" covers the whole cost report as submitted by the hospital "following the close of the hospital's cost reporting period. . .",  42 C.F.R. § 405.1801(a)(2), and "must include the total amount of the payments due the hospital under that system for the cost reporting period covered by the notice." 42 C.F.R. § 405.1803(a)(2). A revised NPR or "determination after reopening," however, occurs downstream, after an original NPR has already been issued by the intermediary. A revised NPR occurs only after the original NPR has been issued and the intermediary has "reopened" the cost report pursuant to 42 C.F.R. § 405.1885(a) to address one or more specific cost report items. *See HCA Health Services, supra,* at 619. A reopening addresses a discrete, delimited number of issues that were either addressed or not addressed by the original NPR. *Id.* The resulting revised NPR therefore

---

[2] Because the cases are identical in their reasoning but the *HCA Health Services* case is a D.C. Circuit Case, Plaintiff will proceed with the discussion just with respect to that case. For purposes of the argument, however, either case could be used.

does not require the submission of a new cost report by the hospital (but rather only a reopening request under 42 C.F.R. § 405.1885(a)) and does not result in the issuance of an omnibus, overarching final determination of total year end payment as is the case with an original NPR.

The D.C. Circuit, in *HCA Health Services*, ruled that there is a fundamental, jurisdictional difference between an appeal predicated upon an original NPR and one that is predicated upon a revised NPR. An appeal based upon a revised NPR is necessarily limited to the discrete issues addressed in the reopening and is a creature of the Secretary's rulemaking power under 42 U.S.C. §§ 1302 and 1395hh. *See HCA Health Services*, *supra*, at 618. An appeal based upon an original NPR, however, is not limited in any such fashion, and is based, instead, on the Medicare statute's provisions dealing with PRRB appeals found at 42 U.S.C. § 1395oo. *Id*. The decision in *HCA Health Services* discusses at length how revised NPR's are different from original NPR's and the fact that revised NPR's necessarily have circumscribed appeal rights:

> [A]fter an intermediary issues an NPR, it is fairly straightforward to conclude that the NPR is the intermediary's final determination as to the amount of total program reimbursement [original NPR]. . . . However, when an intermediary revisits only certain specified determinations contained in the original NPR and ignores all other items decided in the original NPR [revised NPR], the Statute gives us no indication as to where the final determination of the amount of total program reimbursement is to be located. Part of the final determination is obviously contained in that portion of the original NPR which was never revisited, while the remaining elements are clearly to be found in the reopening decision.
> 
> \* \* \*
> 
> Under the regulations, 'a determination of an intermediary . . . may be reopened with respect to findings on matters at issue in such determination or decision, by such intermediary. 42 C.F.R. § 405.1885(a). Under the wording of this section, then, a reopening does not inevitably extend to the entire NPR, but is restricted to particular 'findings on matters at issue' in the original NPR. Appeals rights are similarly circumscribed by the plain language of the reopening regulations which indicate that the 'revision shall

> be considered a separate and distinct determination or decision to which the provisions [regarding]. . . right to a Board hearing . . . are applicable.

*HCA Health Services, supra,* at 617-619 (internal quotations, brackets, and citations omitted).

The Secretary's misplaced reliance on *HCA Health Services* appears to be based on either (i) the Secretary's mistaken belief that the NPR at issue in *HCA Health Services* was an original NPR (which it was not); or (ii) the Secretary's failure to appreciate the discussion in *HCA Health Services* regarding the different PRRB appeal rights that inure to a hospital appealing a revised NPR as opposed to an original NPR. The decision in *HCA Health Services* strongly supports the Hospital's argument that jurisdiction attaches broadly to the entire original NPR, not on an issue-by-issue basis as urged by the Secretary. According to the D.C. Circuit's ruling in *HCA Health Services,* issue-by-issue jurisdiction only arises with revised NPR's. Because there are no revised NPR's at issue in the Hospital's complaint, the Secretary's argument must necessarily fail.

**V.     The Secretary's Remaining Arguments Are Without Merit.**

    **A.     The Litany Of Other Decisions Cited By the Secretary Is Inapposite.**

In addition to the Secretary failing to recognize that *HCA Health Services* and *French Hospital Medical Center* did not support his arguments because they involved a jurisdictionally different category of PRRB Appeals based on revised NPR's, he also cites a number of inapposite cases that are also distinguishable on their face.

First, the Secretary's extended analysis of the exhaustion requirement on pages 10 through 12 of his brief—that appeals must come through the agency (the PRRB) before heading to District Court—is totally irrelevant. The present action originated, in its

entirety, with the PRRB. Indeed, the entire question in this case is what the PRRB's scope of review will be. The Hospital has not, however, asked the Court to consider any issues that have not already been considered at the agency level, *i.e.* at the PRRB.

Second, the Secretary's discussion of "substantial deference" is also irrelevant. The Hospital's argument in this case is based on the fact that the Medicare statute, in particular 42 U.S.C. §§ 1395oo(a) and (d), is unambiguous. Deference therefore does not enter into the analysis. Furthermore, there are no evidentiary issues to be resolved by the PRRB with respect to jurisdiction. The only issue in the Hospital's motion for summary judgment is a legal one: whether a hospital must claim costs before the intermediary if it wishes to appeal issues relating to those costs to the PRRB. The discussion regarding deference to the agency therefore finds no footing in this case.

Third, the Secretary cites *Memorial Hosp. v. Sullivan*, 779 F. Supp. 1406 (D.D.C. 1991), in support of his jurisdictional arguments. *See* Sec. Br. at 22. That case, however, had nothing to do with PRRB appeals that are based on original NPR's and instead was solely concerned with whether there is PRRB jurisdiction over an intermediary's refusal to reopen past cost reports. *Memorial Hosp.*, 779 F. Supp. at 1408. Unlike original NPR's, decisions regarding reopening do not afford a hospital any rights to appeal under the Medicare statute. The Medicare statute does not provide any right to either obtain intermediary reopenings or obtain administrative or judicial review of such reopenings. *Id.* Because the present matter involves the Hospital's right to appeal original NPR's, however, under the *Medicare statute*, the decision in *Memorial v. Sullivan* is therefore simply irrelevant to the issues in the present matter. The present matter has nothing to do with reopenings or the intermediary's refusal to reopen.

Fourth, the Secretary attempts to selectively rely on out-of-jurisdiction rulings such as the decision in *Little Co. of Mary Hosp. v. Shalala*, 165 F.3d 1162 (7th Cir. 1999). *See* Sec. Brief at 22. The Secretary's approach, however, asks the Court to reject other out-of-jurisdiction cases that are favorable to the Hospital, such as *Main General Med. Ctr. v. Shalala*, 205 F.3d 493 (1st Cir. 2000), simply on the grounds that the Secretary does not like the outcome in those decisions. The Hospital submits that the issue in the present litigation is a straightforward issue of statutory construction that can be fully understood and resolved by the Medicare statute (42 U.S.C. §§ 1395oo(a) and (d)) and the reasoning of the Supreme Court in *Bethesda* and the reasoning of the D.C. Circuit in *HCA Health Services*.

Finally, the Secretary points to various post-*Bethesda* administrative decisions by the Secretary supporting the proposition that costs not claimed before the intermediary cannot be appealed before the PRRB. *See* Sec. Br. at 23. The Secretary, however, unlike Congress, is neither a legislative entity nor elected by the citizenry. The Medicare statute is clear and unambiguous, and it alone controls the outcome of the present litigation. *See Chevron* at 842; *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001). For all these reasons, the Secretary's arguments must be rejected.

> **B.    The Secretary's Arguments Regarding Futility Are Both Irrelevant And Factually Unsupported.**

The Secretary argues that there is no basis for the Hospital to claim that it would have been futile for it to have claimed the Nursing School Costs issue for the years at issue in its complaint. The Secretary's argument is both irrelevant and incorrect. First, as to relevancy, the Hospital has not, as part of its motion for summary judgment, asserted that it would have been futile to claim the Nursing School Costs for the years at issue in

this complaint. Rather, the Hospital has moved for summary judgment irrespective of whether it would have been futile to claim the costs. Second, it may well have been futile for the Hospital to have claimed the Nursing School Costs for the subject years because the Hospital has claimed the costs on subsequent years' cost reports, filed with the fiscal intermediary, and has yet to be reimbursed for any of them. Accordingly, the Secretary's arguments regarding futility must be disregarded.

## CONCLUSION

Based on all of the foregoing, the Secretary's motions must be denied and the Hospital's motion for summary judgment must be granted.

Respectfully submitted,

/s/ Jacqueline E. Bennett_____
Murray J. Klein
DC Bar #492415
Jacqueline E. Bennett
DC Bar #474355
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC  20005
(202) 414-9200
(202) 414-9299 Facsimile
JBennett@ReedSmith.com

Attorneys for the Plaintiff

Dated: August 3, 2007