# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UMDNJ – UNIVERSITY HOSPITAL | : | |
| Plaintiff, | : | |
| v. | : | Case No.  1:06-cv-01200 (EGS) |
| MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services | : | |
| Defendant. | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Plaintiff UMDNJ-University Hospital, by counsel and pursuant to LCvR 7(h), responds as follows to Defendant's Statement of Material Facts as to Which There is No Genuine Issue:

1. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

2. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

3. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

4. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

5. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

6. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

7. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

8. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

9. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

10. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

11. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

12. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

13. Admitted that UMDNJ did not, on its original cost report, claim costs related to clinical medical education programs for Plaintiff's fiscal year ending June 30, 2001.

14. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

15. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

16. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

17. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

18. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

19. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

20. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

21. Admitted as to facts, denied as to materiality, for the reasons set forth in Plaintiff's brief.

22. Admitted as to facts but for the statement regarding the date that Plaintiff filed its complaint. The plaintiff filed its Original Complaint on June 29, 2006, not June 30, 2006. *See* Docket Entry 1. Denied as to materiality, for the reasons set forth in Plaintiff's brief.

23. Denied. Admitted instead that the Original Complaint expressly identified all of the cost report years as being the subject of the Original Complaint filed on June 29, 2006. The original complaint filed by Plaintiff on June 29, 2006 stated: "The instant action involves an issue as to whether or not the decision by the [PRRB] to decline jurisdiction in a particular Medicare matter was incorrect. The underlying issue relates to the Hospital's Medicare reimbursement for fiscal years 1999, 2000, 2001, **2002**, and 2003." *See* Plaintiff's Original Complaint at ¶1 (emphasis added). Additional reference

and incorporation of the 2002 year is made in paragraph 20 of the Amended Complaint. See Plaintiff's Original Complaint at 5.  Furthermore, the Original Complaint, in its *ad damnum* clause, does, in fact, claim relief for the 2002 cost report year.  The *ad damnum* clause contains five discrete subsections, at least four of which broadly encompass all of the years referenced in the complaint, including 2002.  For example, subsection (1)(b) of the paragraph, without delimiting itself in terms of years, asks the Court to rule that "the PRRB's decision to deny jurisdiction over the Clinical Medical Education Programs Issue was in error."  *See* Plaintiff's Original Complaint at 7.  Still another subsection asks the Court, in a blanket fashion, to enter an order "remanding the matter to the PRRB for a determination on the Clinical Medical Education Program's issue."  *Id*. at subsection (1)(c).  Finally, the last section, also without any delimitation in terms of years, asks the court to award "such other relief as this Court deems just and appropriate."  *Id.* at subsection 3.  Thus, as a threshold matter, the *ad damnum* clause repeatedly captures the 2002 year and is not technically defective.

      Lastly, it is also denied that the facts asserted by the Secretary in the corresponding paragraph are material, because Plaintiff's Original Complaint met the notice pleading requirements of Fed. R. Civ. P. 8.  Materiality is also denied because Plaintiff's Amended Complaint, which even the Secretary admits covers the 2002 year, relates back to the original pleading.  These matters are addressed further in Plaintiff's brief, as they are legal argument.

- 5 -

        Respectfully submitted,

        /s/ Jacqueline E. Bennett_____
        Murray J. Klein
        DC Bar #492415
        Jacqueline E. Bennett
        DC Bar #474355
        **REED SMITH LLP**
        1301 K Street, N.W.
        Suite 1100 – East Tower
        Washington, DC  20005
        (202) 414-9200
        (202) 414-9299 Facsimile
        JBennett@ReedSmith.com

        Attorneys for the Plaintiff

Dated: August 3, 2007